WRIGHT, WILLIAMS & Co. *v.* J. J. B. WHITE.

Where property has been attached and released on bond, a party claiming the property attached and bonded cannot do so by intervening in the suit between plaintiff and defendant; he must enforce his claim to the property against the person who has possession of it.

Where a suit on an account was commenced by attachment in this State, and for the same cause of action was at the same time carried on and prosecuted to final judgment in the courts of Mississippi—*Held:* That the judgment thus obtained in Mississippi could be substituted by way of amendment, as the cause of action in the Louisiana court, in place of the account, so as to maintain the attachment.

APPEAL from the Fourth District Court of New Orleans, *Price,* J.

*Clarke & Bayne,* for plaintiffs and appellants. *T. N. Pierce,* for defendant. *Mott & Fraser,* for intervenors.

LAND, J. This is an attachment suit for the recovery of nine thousand five hundred and nine dollars and thirty-two cents, with eight per cent. per annum interest from the 9th day of June, 1855, for money advanced in payment of defendant's draft, given on a final settlement of his account with *Hill, McLean & Co.,* his former factors.

One hundred and fifty-four bales of cotton were attached as the property of the defendant, on board the steamboat Sallie Robinson, at the port of New Orleans, consigned in the name of *P. O'Donnell* to *Oakey, Hawkins & Co.*

The consignees, *Oakey, Hawkins & Co.,* intervened in the suit, and claimed the cotton as the property of *O'Donnell.*

On the 25th of November, 1856, *Oakey, Hawkins & Co.* obtained an order of court, permitting them to bond the cotton, and accordingly, on the 27th day of the same month gave bond and security as required by order of court.

On the same day, to-wit, the 27th of November, 1856, *Rebecca J. White,* the wife of the defendant, and *Mrs. S. C. W. Faust* filed their petition of intervention in this suit, and claimed the cotton attached as their joint, undivided, separate property.

To this petition of intervention the plaintiff pleaded, in his answer thereto, the following peremptory exception, " *that the cotton claimed had been delivered on bond, anterior to the filing of the intervention, to Oakey, Hawkins & Co., and is not now in court,*" and prayed that the intervention be dismissed.

On the 29th of May, 1857, the plaintiff filed a supplementary petition, in which he alleged, *that since the institution of this suit* he had obtained *a judgment* in the Circuit Court of Yazoo County, in the State of Mississippi, against the defendant, for the same subject-matters stated in the original petition filed in this cause, and prayed for judgment as in said original petition, and that defendant be cited to answer thereto.

After the filing of the supplemental petition, the attorney appointed to represent the defendant filed the following exception, " *that the original cause of action, if any existed, has been merged in the judgment rendered in the State of Mississippi and the proceedings therein had,* as shown by the supplemental petition and documents annexed; *that this court, by the said proceedings of plaintiffs, has been divested of jurisdiction in the matters in controversy,* and this suit should be dismissed at plaintiff's costs. Defendant further pleads *res judicata.*"

The intervenors also filed an exception to the supplemental petition, as follows : " *that the same is a change of the original cause of action, and is contrary to law,* and further *pleaded the exception of res judicata.*".

First. The intervention of *Oakey, Hawkins & Co.* is unsustained by the evidence. It does not appear that *O'Donnell* was the owner of the cotton attached, or that it was even shipped with his knowledge or consent. Nor does it appear that he or the consignees were in possession of the bill of lading prior to the attachment of the cotton by the plaintiff. This intervention, therefore, must be dismissed.

Second. The peremptory exception filed by the plaintiff should have been sustained. The *bond* given by *Oakey, Hawkins & Co. was only a substitute for the property attached,* with regard to *the plaintiffs,* and not as to the intervenors, or third parties claiming title thereto.

The intervenors cannot avail themselves of the bond, and *their remedy was against the property itself* in the hands of the party having possession of it. *Dow v. Kershaw,* 18 La. 57 ; *Beal v. Alexander,* 1 Rob. 277, 7 Rob. 349.

Third. The exception filed by the attorney appointed to represent the defendant should have been overruled. The plaintiff had the right, under the law of Louisiana, to sue the defendant in the courts of this State, and also in the courts of Mississippi *at the same time,* and *for the same cause of action.* This right necessarily carries with it the accessory right to prosecute the suits in the courts of the two different States to final judgments on the merits. This right is remedial, and is intended to secure to the creditor all possible means for the collection of his debt, in different jurisdictions. If the exceptions filed on behalf of defendant were sufficient in law to dismiss the plaintiffs' action, the right to institute separate actions in different States, for the same debt, would be nugatory ; for so soon as a judgment should be obtained in one State, it could be made the means of dismissing the suit in the other, and thereby deprive the creditor of the fruits of his diligence in the undecided suit.

Conceding that *the account sued on was merged in the Mississippi judgment, the debt was not thereby extinguished, but established to be due and owing* from the defendant to the plaintiff. This judgment in Louisiana is only evidence of the existence of the debt for the recovery of which *this suit was instituted,* the *affidavit was made,* the *attachment bond* was given, and the *writ of attachment issued ;* and there is *no legal reason why this judgment should not be substituted, by way of amendment, as the cause of action, in place of the account, for the purpose of maintaining the attachment.* The fact that the judgment is for a greater amount than claimed and sworn to by the plaintiff, is immaterial—for the reason that the attachment is only valid, as against the property, for the amount sworn to, whatever may be the amount claimed in the petition.

The supplemental petition did not change the substance of the demand. The prayer of the original petition is, that the attachment be maintained, and that defendant be condemned to pay the sum of $9,509 32, and interest, with privilege upon the property attached, and the prayer of the supplemental petition is the same.

It is, therefore, ordered, adjudged and decreed, that the interventions of *Oakey, Hawkins & Co,* and of *Mrs. White* and *Mrs. Faust* be dismissed at their costs. And it is further ordered, adjudged and decreed, that the judgment be avoided and reversed ; and proceeding to render such judgment as should have been rendered by the lower court, it is ordered, adjudged and decreed, that the plaintiff do

have and recover of the defendant the sum of nine thousand five hundred and nine dollars and thirty-two cents, with five per cent. per annum interest thereon, from the 9th day of June, 1855, and costs of the lower court; and that plaintiffs' privilege upon the property attached be recognized and enforced. It is further ordered and decreed, that the defendant pay one-third of the costs of this appeal, that *Oakey, Hawkins & Co.* pay one-third, and *Mrs. White* and *Mrs. Faust* the remaining third.

MERRICK, C. J., dissenting. I am unable to concur in the opinion of the court in this case.

The first section of the fourth Article of the Constitution of the United States requires, that full faith and credit shall be given in each State to the judicial proceedings of every other State, and confers upon Congress power to prescribe the mode of proof and declare the effect of such proceedings.

In pursuance of such authority, Congress has declared that judicial proceedings properly authenticated shall have such faith and credit given to them in every court within the United States, as they have by law or usage in the courts of the State from whence the said records are taken. 1 Stat. at large, 122.

To ascertain, therefore, the effect of the judgment of the Mississippi court, we must look to the laws of that State, and in the absence of proof on that subject, we must presume that judgments rendered in the courts of Mississippi produce the same effect as our own. If we refer to the common law authorities, we find that the account sued on had become merged in the judgment. It had no longer any existence as an account, and had become a debt of record, which did not admit the same pleas. See *Mills* v. *Duyee,* 7 Cranch, 483 ; *Hampton* v. *McConnell,* 3 Wheaton, 234 ; 2 N. S., 601.

The doctrine of merger of the common law, both in reference to judgments and obligations, is almost precisely the same as the novation of the civil law. 12 An. 565.

If we look to our own law to ascertain the effect of the Mississippi judgment in that State, we find it novated the account. No suit could be maintained upon it, for it had become extinguished by novation. *Oakey* v. *Murphy,* 1 An. 372 ; *Dennistoun* v. *Payne,* 7 An. 334.

But it is supposed, that because the pendency of a suit for the same cause of action, between the same parties, in another State, cannot be pleaded as a dilatory exception, that, therefore, the judgment first rendered cannot be pleaded as *res judicata* to the other. But we have quite recently, in the case of *Scott & Co.* v. *Bogart & Co.,* determined that such plea could and ought to be made, and that the judgment last rendered, where the plea was not interposed, would be conclusive. If the first judgment could not be pleaded as *res judicata,* it might happen that the two judgments should be the opposite of each other.

The mere pendency of two suits in two different jurisdictions, for the same cause of action, does not necessarily imply that judgment may be rendered in both, but on the contrary, it only gives the plaintiff the right to execute the first judgment which he shall obtain, and the other suit must be dismissed, for the original cause of action has been novated ; for the suit then comes within Art. 94 of the Code of Practice, which provides that " if the defendant, instead of claiming to be dismissed, answer to the two actions in two separate courts, the *first judgment rendered* by either of them *shall be valid* and executory against the party cast in the action. All proceedings shall be stayed in the other court, and the plaintiff dismissed after paying the costs."

74

So too where the suits are pending in different States. The plaintiff may press either to judgment, but then the Constitution and laws of the United States step in, and if the original cause of action be merged or novated in or by the judgment of the State where rendered, it produces the same effect in every other State of this Union, and as a consequence, may be pleaded in bar to any suit commenced or thereafter to be commenced on the original cause of action thus extinguished.

But it is supposed, that because plaintiff had a cause of action here when he commenced his attachment, the Mississippi judgment only confirmed that cause of action. But this is inconsistent with the doctrine of merger and novation. Judgments do not confirm the original causes of action, but extinguish them and substitute in the place of them the highest evidence of the right of the party, viz, a judgment importing absolute verity. It is precisely as though the parties had expressly novated the original cause of action by a new contract of a higher character. See *Makee* v. *Cairnes*, 2 N. S. 600, 604. The cases in 5 L. R. 424, and 1 An. 382, are cited to show that this court has taken care to guard the defendant against the effect of a judgment which might be rendered in a sister State in a suit there pending. These decisions do not disprove the doctrine of *res judicata* resulting from the Constitution and Act of Congress, but prove that, in addition, it was necessary that the party should be protected against the rendition of two judgments so nearly at the same time, that one could not be pleaded in bar of the other.

The next question is, could the plaintiff amend, by substituting his new cause of action in the place of the old one? The proceeding by attachment is *stricti juris*, and amendments cannot be allowed in an attachment suit, which could not be allowed in an ordinary suit. If the judgment of the Mississippi court was a plea in bar to plaintiffs' original action, as we think has been demonstrated, the following reasoning of Judge Porter in the case cited is conclusive. He says, in a case very similar to this, of a replication setting up the judgment pleaded by the defendant, and demanding judgment on it, viz:

" How this can be granted to them we cannot perceive. If the plea be good as a bar to their action, then there is nothing more before the court on which to act; it would certainly be a magical kind of proceeding in the administration of justice, to change in an instant, and in the same suit, that which in the hands of the defendant was to him a shield, into a weapon of destruction in those of his adversary." 2 N. S. 603.

In the case of *Oakey* v. *Murphy*, 1 An. 372, the court refused to allow the plaintiff to amend by setting up the judgment.

The same point was ruled in the case of *Dennistoun* v. *Payne*, 7 An. 334. See 5 N. S. 70; 8 N. S. 438; C. P. 419. I do not see how plaintiffs can be permitted to amend in the present case, without overthrowing the well established principles of law.

If they suffer inconvenience from the application of the rules of law to their case, it would teach creditors that it is not always safe to pursue the debtor with a multiplicity of suits; and if it be done, that it will be well to consider in which one judgment ought first to be taken.

Whether the case would be different where all the suits were attachment suits, and operated only *in rem*, and not *in personam*, it is not necessary to consider.

I think the judgment ought to be affirmed.

VOORHIES, J., absent.