Meyer vs. Schurbruck.

No. 9361.

ANNIE MEYER VS. ZENILLA SCHURBRUCK.

A motion to dismiss an appeal because of the deficiency of the transcript, which contains no note of evidence, bill of exception, or statement of facts, cannot prevail if the appellant has filed, within legal delays, an assignment of errors which presents an alleged error of law appearing on the face of the record, and which can be disposed of without reference to evidence or matters of fact.

The act of an appellant in filing in the same court another suit for the same causes of action alleged in the suit decided against him, after taking an appeal therein, will not be construed as an acquiescence in the judgment so as to defeat his right of appeal.

A cause of action for a partition is disclosed, where the petition avers that the petitioner is a child by a first marriage, that her father died owning half of the property composing the community existing during his second marriage, of which there was no issue and that the petitioner is his sole heir.

The defense, that such partition cannot take place, for the reason that such property is burdened with a usufruct in favor of the surviving spouse. lacks foundation and is no valid objection.

APPEAL from the Civil District Court for the Parish of Orleans. Lazarus, J.

Farrar & Kruttschnitt and W. L. Thompson for Plaintiff and Appellant.

Singleton, Browne & Choate for Defendant and Appellee.

ON MOTION TO DISMISS

The opinion of the Court was delivered by

POCHÉ, J.  The grounds of the motion are as follows:

1.  The insufficiency of the transcript through the fault of appellant because it contains no note of evidence, bill of exception, or statement of facts.

2.  The acquiescence of appellant in the judgment appealed from.

I.

It is true that the transcript contains no note of evidence, bill of exception, or statement of facts, but it contains an assignment of errors, filed in time under the provisions of Article 897 of the Code of Practice.

The assignment sets forth an error of law, alleged to appear on the face of the record. The judgment appealed from maintained the exception of no cause of action, filed by the defendant against plaintiff's petition. The alleged error of the judgment can, therefore, be considered and passed upon by this Court, without reference to any evidence which may have been introduced on the trial of the other exceptions, which were interposed by the defendant.

Of course the issue presented by the alleged error of the judgment in so far as it maintains the exception of no cause of action, is the only

question which can be entertained on the present appeal. No other issue was disposed of by the judgment of the District Court, and no other can be presented on appeal.

It follows that appellant has brought up, in one of the modes pointed out by law, a ground which vests this Court with jurisdiction, and conveys knowledge of the matters argued or contested below.

## II.

The acquiescence charged to appellant, consists in her paying the costs incurred by her suit, and in her filing another suit in the same court founded on the same causes of action as alleged by her in the suit which gave rise to this appeal.

It appears that these acts were embodied by appellee in a rule before the District Court for the purpose of obtaining there an order setting aside the present appeal, and that the defendant was lodged in this Court on appeal from the judgment of the District Court discharging her rule. Her counsel have suggested the consolidation of the two appeals, and the transcript in the latter case has been handed to us together with that in the first or main appeal.

The suggestion involves a proceeding somewhat irregular, but as the mode affords an opportunity 'of expediting the administration of justice, we have concluded to overlock the irregularity of the proceeding and to examine into the second transcript.

That record does not contain evidence of the acts alleged to operate as an acquiescense on the part of appellant. But we do not attach thereto the legal effect claimed by appellee. The institution of the second suit might have been amenable to the plea of *lis pendens*, but it can, under no circumstances, be considered as a waiver or an abandonment of the previous appeal. We see no force in the argument that the act of a party asking of the same court the same relief which had recently been refused him by the court, evinces any degree of satisfaction with the judgment against him, and from which he had taken an appeal. The very reverse is quite apparent to our minds. Buntin vs. Johnson, 27 Ann. 625.

The former judgment pending on appeal, could not even have been pleaded as *res adjudicata*, in bar to the second suit, for the plain reason that it was not yet final. C. C. 3556, No. 31.

The district judge was, therefore, correct in discharging appellee's rule.

It is therefore ordered, that the motion to dismiss the appeal taken in No. 9361, be overruled—and that the judgment appealed from in

No. 9405, be affirmed. Costs of the latter appeal to be paid by the defendant; other costs to abide the final determination of the controversy.

### ON THE MERITS.

TODD, J. This appeal involves only a single question of law, and that is whether the plaintiff's petition discloses a cause of action.

The plaintiff alleges in substance, that she is sole heir of Bernhard H. Meyer, deceased, and only issue of his marriage with her mother, also deceased.

That her said father contracted a second marriage after the death of his first wife—mother of petitioner—with the defendant who survived him. That, during this marriage, property was acquired, personal and real, which was placed in the name of the defendant, but belonged to the community resulting from said second marriage, and of one undivided half of which petitioner was the owner by inheritance from her father. She prayed to be so declared and for a partition of the same.

The suit was dismissed on an exception of no cause of action, and plaintiff appeals.

The record does not show the reasons of the judge for maintaining the exception.

The appellant's counsel argued that it was because he was of opinion that there was an illegal cumulation of separate causes of action in one suit. The defendant's counsel deny this and admit that there was no such illegal cumulation of separate demands, but contend that the suit was dismissed for the reason, that no action would lie for a partition of community property during the existence of the usufruct of the surviving widow over the portion belonging to the deceased husband's estate and claimed by the plaintiff herein.

There is no evidence whatever in the record and the question touching the cause of action must be determined from the face of the pleadings. These we have carefully examined, and it does not appear from anything therein, that the defendant has any usufruct of the property in question. Such fact is asserted neither in the petition nor the exception; nor is there any other fact alleged, such for instance, as there being issue of the second marriage, and the husband not having disposed of his share of the community by last will, from which a presumption of such usufruct in the surviving widow could be drawn. See R. S. Sec. 3708.

The argument of the counsel on both sides, therefore, seems gratuitous, at least uncalled for by anything in the pleadings, which for the purposes of the exception, we must consider as disclosing all the facts relied on respectively by the parties litigant.

Looking then to the petition, we think it discloses a substantial cause of action. If its averment are true, the plaintiff is the owner of one undivided half of the property belonging to this community at the time of its dissolution. If so, she has a right to demand a partition, unless some obstacle is opposed thereto. If we look to the exception, it simply denies a cause of action without mentioning any opposing right whatever, in the defendant to sustain such denial, and admits by its legal effect the truth of plaintiff's averments.

The existence of issue of the first marriage, and the absence of issue at the second, and of any testamentary disposition by the deceased in favor of his surviving wife, exclude the possibility of the existence in her favor of the usufruct of his undivided share of the community property.

There were other exceptions to the action, which were not passed on by the judge *a quo*, and which we do not consider, even could we do so without evidence, necessary to their determination.

It is, therefore ordered, adjudged and decreed, that the judgment of the lower court maintaining the exception of no cause of action, be annulled, avoided and reversed, and the said exception overruled and the case remanded to be proceeded with according to law, the costs of appeal to be paid by defendant and appellee.