LAND, Justice.
 

 Suit was filed by plaintiff June 17, 1935, in the First district court, Caddo parish, to recover damages as a result of injuries received through the negligence of an alleged fellow employee of the defendant company.
 

 The case was put at issue, set 'for trial, and partly tried, and pending the trial plaintiff dismissed the suit November 22, 1935.
 

 December 5, 1935, plaintiff instituted another suit against defendant company on the identical cause of action in the county of Lafayette, state of Arkansas. Service was made upon the auditor of the state of Arkansas, and, no appearance having been made by defendant company, judgment was obtained by default.
 

 April 18, 1936, plaintiff instituted the present suit upon the Arkansas judgment in the First district court of Caddo parish. An exception of no cause of action filed by defendant company was sustained by the trial court May 30,
 
 1936.
 
 Application for rehearing was made, and overruled June 17, 1936, and judgment was signed July 15, 1936.
 

 Before taking an appeal from this judgment, plaintiff on July 24, 1936, filed an identical suit upon the Arkansas judgment in the United States District Court for the Western District of Louisiana, cause No. 2742 at law, entitled, “Ben Mason v. Red River Lumber Co. Inc.” Defendant company filed two exceptions in the United States District Court; first, res adjudicata, and, second, an exception of no cause or right of action.
 

 The case was presented on these issues to Judge Dawkins of the United States District Court, and judgment was rendered by the court February 10, 1937, sustaining both the plea of res adjudicata and the exception of no cause of action, and application for rehearing was filed and over
 
 *689
 
 ruled March 4, 1937 (21 F.Supp. 438). No appeal was taken by plaintiff from the judgment rendered by the United States District Court.
 

 April 21, 1937, plaintiff filed a motion in the First district court of Caddo parish, La., for a devolutive appeal, returnable to the Supreme Court of this state, from the judgment in the trial court July 15, 1936. Objection was duly made by defendant company, first, on the ground that plaintiff had abandoned the right of appeal and acquiesced in the judgment; and, second, that the matters involved herein had been fully decided by the judgment of the United States District Court, and that there was no further controversy pending between the plaintiff and the defendant company. These objections being overruled, a devolutive appeal was granted and the transcript filed herein.
 

 (1) The motion to dismiss is based upon two grounds:
 

 First, that plaintiff, before taking an appeal from the judgment of the First district court, or other proceeding to have this judgment set aside, acquiesced in the judgment and abandoned the right of appeal by filing the identical suit and submitting the identical questions to the decision of the United States District Court for the Western District of Louisiana.
 

 Second, that plaintiff, after the signing of the judgment in the First district court, Caddo parish, La., voluntarily instituted the same suit involved herein for the decision and consideration of the United States District Coiirt for the Western District of Louisiana, a judgment rendered upon said issues is binding and concludes all issues pending between the plaintiff and the defendant company; that the judgment of the United States District Court is final until reversed; and there is no longer any issue pending between the plaintiff and the defendant in the state court.
 

 (2) The first ground of the motion to dismiss, that plaintiff has acquiesced in the judgment of the district court of Caddo parish, sustaining an exception of no cause of action, by executing it voluntarily, is not well founded.
 

 The action of plaintiff has been to the contrary. He has attempted and is still attempting to secure the relief denied him by the judgment of the district court of Caddo parish.
 

 Besides, the judgment is one sustaining an exception of no cause of action and dismissing plaintiff’s suit. “The acquiescence which prohibits an appeal or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given, is done or given, the judgment is acquiesced in.” Buntin v. Johnson, 27 La.Ann. 625.
 

 (3) The brief filed by. plaintiff deals only with the first ground of the motion to dismiss, the. ground of acquiescence, and does not touch the ground of abandonment, or the second ground relied upon by defendant company for the dismissal of the appeal.
 

 Defendant company contends that when plaintiff voluntarily removed the cause of
 
 *691
 
 action from the state court and instituted the same cause of action between the same parties, and submitted same for determination by the United States District Court, he thereby abandoned any rights to appeal or otherwise in the state court, and, “Having once abandoned the appeal, he can never reinstate it”; citing numerous authorities.
 

 Defendant company states in its brief that the exact question here at issue was presented to the Supreme Court of Oklahoma, in Buckley v. Kelly et al., 126 Okl. 20, 257 P. 1107, in which the court held that the subsequent institution of a suit in the federal District Court, involving the same parties and the same subject as previously instituted in the state court, is an abandonment of the appeal from the trial court to the Supreme Court of Oklahoma, and the appeal will be dismissed.
 

 In that case the Supreme Court of Oklahoma said:
 

 “The defendants base their motion to dismiss this appeal on the following reason:
 

 “ ‘The plaintiffs have abandoned this appeal by having instituted since this appeal was lodged in this court a suit in the United States District Court for the Northern District of Oklahoma, in which the parties and the matters involved are the same as the parties and the matters involved in this appeal, and in which the relief sought is the same relief sought by this appeal. The suit in the federal court is identical with this appeal.’
 

 "The plaintiffs have filed a response to the defendants’ motion to dismiss, in which the plaintiffs practically concede all the matters set out in defendants’ motion, but say:
 

 “ ‘Plaintiffs therefore respectfully ask the
 
 court, in view
 
 of the facts hereinabove set forth, to deny defendants’ motion to dismiss this appeal, but that this cause be stricken from the assignment for hearing on the 10th day of May, 1927, and that this cause be ordered to remain pending upon this appeal awaiting the final termination of said action in the federal court, and, if said suit by the government should be dismissed or disposed of in any manner
 
 without final judgment upon the merits,
 
 that they, plaintiffs, be permitted to try in this court the questions involved in this appeal.’ [Italics ours.]
 

 “It occurs to us that the attitude of the plaintiffs is such that they desire that in this case the Supreme Court of the state of Oklahoma become a court of convenience as well as one of ‘watchful waiting.’
 

 “In the case of P. E. Heckman et al. v. United States, 224 U.S. 413, 32 S.Ct. 424, 56 L.Ed. 820, the court in that case said:
 

 “ ‘But if the United States, representing the owners of restricted lands, is entitled to bring a suit of this character, it must follow that the decree will bind not only the United States, but the Indians whom it represents in the litigation. This consequence is involved in the representation. Kerrison v. Stewart, 93 U.S. 155, 160, 23 L.Ed. 843, 845; Shaw v. Little Rock & Ft. S. R. Co., 100 U.S. 605, 611, 25 L.Ed. 757, 758; Beals v. Illinois, M. & T. R. Co., 133 U.S. 290, 295, 10 S.Ct. 314, 33 L.Ed. 608, 611. And it could not, consistently with any
 
 *693
 
 principle, be tolerated that, after the United States, on behalf of its wards, had invoked the jurisdiction of its courts to cancel conveyances in violation of' the restrictions prescribed by Congress, these wards should themselves be permitted to relitigate the question.’
 

 “In the instant case it clearly appears that plaintiffs’ cause of action has been lodged in another forum. If they are successful in that forum, the proceedings are at ah end. Their attitude before this court is such that if they are not successful therein, they ask permission to return here and prosecute their appeal.
 

 “We hold that the plaintiffs’ appeal in this court has been abandoned, and the cause is therefore dismissed.”
 

 The case at bar is much stronger than the cited case. An adverse judgment was rendered against plaintiff in the United States District Court for the Western District of Louisiana, sustaining a plea of res adjudi-cata and an exception of no cause of action. Plaintiff invoked the jurisdiction of the federal court, another judicial forum; 0judgment was rendered against, him; no appeal was taken; and it must follow that the decree will bind not only plaintiff, but the defendant company. “And it could not, consistently with any principle, be tolerated” that, after plaintiff had invoked the jurisdiction of the federal court, and judgment had been rendered against him, he should be permitted to relitigate the question, by prosecuting the present appeal from a state court. The proceedings are at an end, as the judgment against plaintiff in the federal court is final, unless reversed' on appeal to the United States Court of Appeal, the only legal way in which such judgment can be reviewed and set aside, or affirmed.
 

 For the reasons assigned, we hold that plaintiff’s appeal has been abandoned.
 

 It is therefore ordered that the motion to dismiss the appeal on the ground of abandonment be sustained, and that the appeal in this case be dismissed at the cost of plaintiff appellant.
 

 HIGGINS, J., takes no part.