187 So. 28

## HOPE v. MADISON.

### No. 35164.

### Feb. 6, 1939.

Blanchard, Goldstein, Walker & O'Quin, of Shreveport, for appellant.

Campbell & Campbell, of Minden, and Herold, Cousin & Herold, of Shreveport, for appellee.

HIGGINS, Justice.

The defendant moved to dismiss the plaintiff's appeal on the ground that she had abandoned it. The record shows that plaintiff instituted suit against the defendant to rescind a contract and a conveyance of mineral rights on the grounds of fraud. The

case was tried on its merits and decided in favor of the defendant. The plaintiff appealed and perfected the same. She then filed, in the Federal District Court, a suit against the defendant, seeking the same relief which she sought in this action. It is contended that this reiteration of her demand is an abandonment of it in this court.

In the case of Jackson v. Michie et al., 33 La.Ann. 723, the plaintiff had taken two appeals from the same judgment. It was argued that the plaintiff abandoned the first appeal by taking the second one. The court said:

"* * * Be that as it may, to take away the right of appeal there must be an unconditional, voluntary and absolute acquiescence in the judgment rendered, on the part of the appellant, and the evidence fails to satisfy us that there was such acquiescence in this instance. * * *

"An appeal, is an important right, which should never be denied, unless its forfeiture or abandonment is conclusively shown."

In Meyer v. Schurbruck, 37 La.Ann. 373, an attempt was made to have an appeal dismissed because, subsequent to the judgment, a similar suit had been filed for the same relief. In sustaining the appeal, the court said:

"That record does not contain evidence of the acts alleged to operate as an acquiescence on the part of appellant. But we do not attach thereto the legal effect claimed by appellee. The institution of the second suit might have been amenable to the plea of lis pendens, but it can, under no circum-

stances, be considered as a waiver or an abandonment of the previous appeal. We see no force in the argument that the act of a party asking of the same court the same relief which had recently been refused him by the court, evinces any degree of satisfaction with the judgment against him, and from which he had taken an appeal. The very reverse is quite apparent to our minds. Buntin v. Johnson, 27 Ann. 625.

"The former judgment pending on appeal, could not even have been pleaded as res adjudicata, in bar to the second suit, for the plain reason that it was not yet final. C.C. 3556, No. 31."

In Vigo v. Carlon, 48 La.Ann. 665, 19 So. 682, the mover asked the court to declare the appeal abandoned because a, new suit was filed, setting up the same issues. The contention was rejected, the court stating:

"But having set up in a new suit the same cause of action would be no ground to dismiss the first suit pending an appeal.

"The bringing of a new suit pending this appeal, in contravention of article 55, Code Prac., cannot be seriously regarded as a voluntary execution of the judgment or an abandonment thereof."

See, also, Vallee v. Hunsberry, 108 La. 136, 32 So. 359; Sims v. Jeter, 129 La. 262, 264, 55 So. 877; Wells v. Files, 136 La. 125, 126, 66 So. 749; Louisiana Land & Immigration Co. v. Murff et al., 139 La. 808, 815, 72 So. 284; Crucia v. Behrman et al., 141 La. 370, 75 So. 83; Augustin v. Farnsworth et al., 155 La. 1053, 99 So. 868; Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. page 117.

The filing of a similar suit in the federal court no more evidences the intent to abandon an appeal taken in the course of a state court proceeding than it shows the intention to abandon the prosecution of a suit in the state court before the judgment is rendered. If the filing of a second suit in the federal court or in any other court is inconsistent with the maintenance of an appeal, it is a equally inconsistent with the prosecution and trial of a suit in the state court; yet, it has been the consistent rule under our jurisprudence that the pendency of a similar suit in a state court of another state or in a federal court is no ground for the abatement or dismissal of a suit in the Louisiana courts. Peyroux v. Davis, 17 La. 479; Wright, Williams & Company v. White, 14 La.Ann. 583; State ex rel. City of New Orleans v. N. O. & N. E. Railway Co., 42 La.Ann. 11, 7 So. 84; Jennings-Heywood Oil Syndicate v. Houssiere-Latreille Oil Company, 119 La. 864, 865, 44 So. 510.

Counsel for the defendant relies upon the case of Mason v. Red River Lumber Company, 188 La. 686, 177 So. 801, 115 A.L.R. 117. That authority is not apposite here because there the plaintiff, after perfecting the appeal in the state court, instituted a suit in the federal court and permitted the judgment, dismissing his suit there, to become final. We held that the judgment was definitive and binding upon both parties and, therefore, the plaintiff could not further litigate in our court under his appeal because he abandoned it through his failure

to appeal the judgment in the federal court.

For the reasons assigned, the motion to dismiss the appeal is denied, at the mover's costs.