ther than may be necessary for the liquidation and final settlement.

The judgment appealed from is amended by changing the title of the party appointed liquidator and trustee to that of receiver; as thus amended the judgment is affirmed at the cost of the corporation.

24 So.2d 289

Succession of LAND.
No. 37917.

Nov. 5, 1945.

John R. Land, Jr., in Proper Person, of New Orleans, for plaintiff-appellant.

Prowell & McBride and Walter B. Hamlin, all of New Orleans, for mover.

FOURNET, Justice.

This case was lodged here on an appeal taken by John R. Land, Jr., from a judgment of the lower court recalling an order appointing a notary public to take an inventory of property allegedly belonging to and omitted from the succession of his father, the late John R. Land, Sr., and dismissing his application to be appointed administrator of the succession. It is now before us on a motion filed by the appellee, Mrs. Elizabeth Land Triplett, appellant's sister and only coheir, to have the appeal dismissed on the ground that the appel-

lant acquiesced in the judgment appealed from by filing in the lower court, subsequent to the rendition of that court's judgment, a petition praying for a partition of the property appellant claims was owned by his father.

■ According to the provisions of the Code of Practice,. "The party against whom judgment has been rendered can not appeal: 1. If such judgment have been confessed by him, or if he have acquiesced in the same, by executing it voluntarily. * * *" Article 567. The acquiescence which prohibits the appeal under the provisions of this article, or destroys an appeal already lodged in a higher court, is the acquiescence in a decree commanding that something be done or given. Buntin v. Johnson, 27 La.Ann. 625; Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117.

■ The judgment appealed from in the instant case commands neither the doing nor the giving of anything. Moreover, a mere reading of the document that is attached to and made a part of the motion clearly shows that appellant, by filing the suit forming the basis of the motion to dismiss, was in no wise acquiescing in the judgment appealed from but, instead, that he was thereby persistently pursuing his claim that certain assets asserted by the appellee to belong to the estate of their mother, Mrs. Willie Armistead Land, belong to and have been omitted from the estate of their father, John R. Land, Sr., and that these assets should be added to the mass of the succession for distribution among the heirs. The author-

ities relied on by the appellee in support of her motion to dismiss are, therefore, neither pertinent nor apposite.

The motion to dismiss the appeal is denied.