**121 So.2d 739**

**WISDOM MOVING & STORAGE, INC. et al.**

**v.**

**LOUISIANA PUBLIC SERVICE COMMISSION et al.**

**No. 45155.**

June 29, 1960.

Jack P. F. Gremillion, Atty. Gen., Joseph H. Kavanaugh, Baton Rouge, for defendant-appellant.

Polk, Foote & Neblett, Alexandria, for plaintiffs and movers.

McCALEB, Justice.

In 1957 Roy Vincent, Jr., submitted to the Louisiana Public Service Commission a petition requesting that he be granted a certificate of public convenience and necessity authorizing his operation as a common carrier by motor vehicle of household goods, furniture and fixtures over irregular routes statewide, with the restriction that shipments must either originate in or be destined to Calcasieu Parish. After having a hearing on Vincent's request, the Commission ordered the certificate granted, and plaintiffs, who are all in the business of transporting household and other goods by motor vehicle, appealed the Commission's order to the district court. That

court cancelled the Commission's order and decreed it to be null and void. The Commission then appealed devolutively to this Court.

Shortly after the appeal was taken, Roy Vincent, Jr. submitted a second petition to the Public Service Commission, requesting essentially the same thing as in his first petition, but without the restriction that shipments must either originate or terminate in Calcasieu Parish. However, following a trial of this second petition, the application was denied.

Based on these facts, plaintiffs-appellees have moved to dismiss the appeal contending that the Commission has acquiesced in the decree of the trial court by considering Vincent's second application and then refusing to grant him a new certificate.

■■ We find no merit in the motion. Article 567 of the Code of Practice provides, in part that:

"The party against whom judgment has been rendered can not appeal: * * * if he have acquiesced in the same, by executing it voluntarily. * * *"

Thus by the clear provisions of the Article, the acquiescence, which operates to destroy the appeal, is limited to those instances where the party appellant has voluntarily executed it. The only type of decree which an appellant is able to execute is obviously a decree which commands that something be done or given. Buntin v. Johnson, 27 La.Ann. 625; Mason v. Red River Lumber Co., 188 La. 686, 177 So. 801, 115 A.L.R. 117; Succession of Land, 209 La. 135, 24 So.2d 289.

Since the decree in the instant case merely sets aside the order of the Public Service Commission and does not command that something be done or given, it follows that the Public Service Commission cannot be held to have acquiesced therein.

The motion to dismiss is denied.