ELLIS, Judge.
This case is before us on a motion to dismiss the suspensive appeal taken herein by Sheriff B. A. Clemmons from an adverse judgment in a mandamus proceeding. The facts presented are not substantially in dispute. On March 11, 1963, George J. Nunn obtained a judgment in East Baton Rouge Parish against Bert Selly in the principal amount of One Thousand One Hundred Twenty-seven and 09/100 ($1127.09) Dollars, with eight (8%) per cent interest thereon from December 10, 1960 until paid and ten (10%) per cent on both principal and interest as attorney’s fees. This suit, which was numbered 82,895 on the docket of the 19th Judicial District Court, will be referred to in this opinion as the “Nunn case” for the sake of brevity. In execution of this judgment George J. Nunn seized all of the rights, title and interest which Bert Selly had in another suit entitled Bert Selly v. Robert G. “Jerry” Watson, numbered 101,-236 on the docket of the 19th Judicial District Court in and for the Parish of East Baton Rouge, State of Louisiana. This case will similarly be referred to in this opinion as the “Selly case”. Notice of this seizure in the Nunn case was made upon both parties to the Selly case, Selly and Watson.
Prior to this, on September 29, 1964, a writ of fieri facias had been issued in the Selly case. After a contest over the validity of the judgment a sale was ordered in the Selly case. The date of this sale was set for August 11, 1965.
On July 30, 1965, George J. Nunn sold to John James Audubon Foundation, by notarial act of assignment, the final judgment in the Nunn case, and the seizure which he had obtained in that suit of the rights of Bert Selly in the Selly case. The act of assignment was recorded in the mortgage records of East Baton Rouge Parish on August 11, 1965. The property was purchased for a bid of Four Hundred Forty and No/100 ($440.00) Dollars. This bid was made by Bert Selly.
A mandamus proceeding was filed against Sheriff Bryan Clemmons, who refused to deliver to John James Audubon Foundation both the property and the proceeds of sale which had been adjudicated in the Selly case. The Sheriff filed an answer to this proceeding and a rule was heard thereon on August 16, 1965. Judgment was rendered against the Sheriff that day and signed the following day.
On August 16, 1965, the Sheriff issued a notice to Robert G. “Jerry” Watson, who had been appointed keeper of the chattels which had been sold at the Sheriff’s sale. This notice ordered Watson to release these chattels to John James Audubon Foundation. The Sheriff also made a Sheriff’s return dated November 8, 1965, in connection with the writ of fieri facias issued in the Selly case, showing that the funds received from the Sheriff’s sale had been applied to costs and the surplus of Two Hundred Eighty-four and 23/100 ($284.23) Dollars was paid to the attorney for John James Audubon Foundation in *570 compliance with the seizure obtained through judgment in the Nunn case. Payment was actually made on August 16, 1965.
A motion for suspensive appeal was ■filed by the Sheriff on August 31, 1965 from the judgment on the rule for mandamus and the required bond was posted by him on September 1, 1965.
A motion to dismiss the Sheriff’s sus-pensive appeal has been filed by the attorney for the plaintiff in the mandamus rule and is now before this court. There is really no question that Sheriff Bryan Clemmons issued his check for Two Hundred Eighty-four and 23/100 ($284.23) Dollars to John James Audubon Foundation on August 16, 1965. The notice to release was also executed by the Sheriff and directed to Robert G. “Jerry” Watson and the release was effected on August 16, 1965.
Under this set of facts, there has been a voluntary and unconditional acquiescence in the judgment appealed from which was obtained in the mandamus proceedings as contemplated by Article 2085 of the C.C.P. Accordingly, the suspensive appeal taken herein should be dismissed. Counsel for appellant has cited several cases in support of his position that there has not been a voluntary and unconditional compliance with the judgment. Harnischfeger Corp. v. C. W. Greeson Co., 219 La. 546, 53 So.2d 488 (1951); Zeringue v. Administrator, Division of Employment Security, Department of Labor, State of Louisiana, 127 So.2d 91 (4th CCA, 1961); Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, Inc., 143 So.2d 739 (1st CCA, 1962); Culpepper v. Slater, 131 So.2d 76 (2d CCA, 1961); Wisdom Moving & Storage, Inc. v. Louisiana Public Service Commission, 240 La. 188, 121 So.2d 739 (1960); Scott v. Scott, 218 La. 211, 48 So.2d 899 (1950). These cases have been reviewed and are found inapposite to the facts presented in the case at bar.
Appeal dismissed.