BOUTALL, Judge.
This is an appeal from a summary judgment dismissing plaintiffs’ suit. Plaintiffs are the brothers and sisters of Louis Boe claiming certain property in Orleans Parish (a portion of New Orleans East) as heirs of the said Louis Boe, alleging that Boe acquired the property by 30 years acquisitive prescription under Louisiana Civil Code Article 3475. The defendant, Lake Forest, Inc., is alleged to have claimed ownership of the property, and to have sold some portions of it to others, causing damages to plaintiffs. The defendants have raised a number of exceptions and a prior motion for summary judgment, and now have brought a new motion for summary judgment which was sustained by the trial judge, dismissing plaintiffs’ suit. The plaintiffs appeal.
The basic premise of this motion for summary judgment is that the defendant does not now own any of the property which is the subject of this petitory action, but that it has subdivided the property and sold it to third parties, with the exception of those public areas such as streets, etc., which were transferred to the City of New Orleans. Thus, not having nor claiming title nor possession to any of the property, it is not subject to a judgment in a petitory action. As to the alternative claim for damages, the defendant contends that under the facts as they are shown, there is no basis in law for a suit for damages.
In this appeal the plaintiff Boe heirs assert three assignments of error. The first of these is that the matter was referred to a commissioner of the Civil District Court for the Parish of Orleans, and that the commissioner has no authority under L.R.S. 13:1171 to try a motion for summary judgment, being restricted only to lengthy trials on the merits.
We have examined the procedural posture of this case and note that, after the very lengthy and numerous exceptions and motions for judgments had been filed preliminarily, the case had been placed in the posture of being ready for trial on the merits and it seems apparent that this trial would have taken a number of days, depending of course upon the number of witnesses available for testimony. The matter was thus not only properly referred to the commissioner, but the plaintiffs raised no objection to the submission to the commissioner. After the commissioner received the case, he held pre-trial conferences to work out the trial procedures, and during these conferences was confronted by two major items, one was the request for admissions of certain facts by the plaintiffs, filed by the defendant, and the other was a subsequent motion for summary judgment based to a large degree upon the request for admissions. The commissioner concluded that motion for summary judgment was proper and rendered a report recommending to the judge that summary judgment be granted. Plaintiffs then filed exceptions to the report of the commissioner which were heard and decided by the judge, who concluded that summary judgment was justified in this case and rendered judgment dismissing plaintiffs suit.
Under these circumstances we see nothing procedurally erroneous in the actions of the trial judge and the commissioner. First we point out that no timely objection was raised to this procedure, the only objection coming after the commissioner had rendered his report. Second, we note that the recent amendments of Section 1171 (C) has apparently changed the former restriction which provided that the “judge may transfer such case to the commissioner with instruction to the latter to try it.” To a more liberal provision that “the judge may assign such case to one of the commissioners.” It is our interpretation that the latter provision gives to the commissioner, unless otherwise restricted by the judge or the rules of the Civil District Court, the authority to handle the matter as justice and the circumstances of the case require. Lastly, we point out that the commissioner only rendered a report of recommendation, and that the judgment appealed from is a judgment of the trial judge rendered after hearing of the exceptions and considering the entire matter of the motion for summary judgment. Summary judgment is based upon a showing of no genuine issue as to material fact, and that mover is entitled to judgment *852 as a matter of law. C.C.P. Article 966. Accordingly the issue was ultimately decided by the court and the commissioner’s report is of no importance in this appeal.
The second assignment of error is that the motion for summary judgment was improperly decided on its merits as to the petitory action brought by plaintiffs.
We are convinced that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law. Appellant has asserted that this motion for summary judgment is the same as a prior motion for summary judgment which had been dismissed by the trial court and its dismissal affirmed by us on issuance of writ of certiorari. The proof offered is simply not the same. In addition to those materials that were offered on the prior motion, mover has offered other evidence which we consider to be decisive, and which has not been disputed by the respondent. C.C.P. Article 967. Mover had served plaintiffs with request for admissions of fact together with interrogatories, presenting in essence the following facts: That the land claimed had been sold or divested by defendant, that no notice of lis pendens had been filed, that the schedule of notarial acts annexed thereto, purporting to be all of the sales, etc. by Lake Forest, were a part of the public records, and that Lake Forest had divested itself of all of the property enumerated. Plaintiffs have failed to answer the request for admissions and the interrogatories, and it was presumed by the court that this failure to answer constituted an admission of the content thereof. C.C.P. Articles 1466,1467,1468. Both the commissioner and the trial judge afforded the respondent in rule an opportunity to produce evidence contrary to that furnished along with the request for admissions, and the respondent has failed to do so. Thus we find no genuine issue of relevant fact.
It follows then as a matter of law that a petitory action does not lie against this defendant. The legal basis for a petitory action is stated in C.C.P. Article 3651:
“Art. 3651. Petitory action
“The petitory action is one brought by a person who claims the ownership, but who is not in possession, of immovable property or of a real right, against another who is in possession or who claims the ownership thereof adversely, to obtain judgment recognizing the plaintiff’s ownership.”
The requirement of this article is that the action must be brought directly against the adverse claimant of ownership or against the person in possession. Any possible judgment that might be rendered in this case would have no legal significance, nor would it affect any of the rights of those parties who may claim adverse ownership or possession, none of whom are made parties to this suit. Accordingly, we will affirm the summary judgment dismissing the petitory action.
The last assignment of error is the summary judgment dismissing the damage suit.
That demand was installed in a supplemental and amended petition which alternatively alleged that in the event that defendant Lake Forest had divested itself of possession of property, that plaintiffs were entitled to be reimbursed for the value of the property which they fix at the sum of $7,000,000. The pleading further reurged and reaffirmed all the allegations of the prior petitions. Plaintiffs contend that the action of the defendant is disposing of all of the property would require plaintiffs to file a suit against all of the present owners to recover their property, a matter of extreme difficulty which would cause numerous suits and considerable extra court costs and other expenses. Accordingly, plaintiff urges that because Civil Code Article 2315 provides that anyone who has caused damage to another shall remedy the damage and that, because the actions of defendant have divested plaintiffs of title and it cannot return the property, Lake Forest should return to plaintiffs the money received from the sales. There is no issue of fraud raised and plaintiffs have not been able to furnish us with any citation of authority which would give rise to a cause of action under the admitted facts of this case. The damages spoken of in Civil Code Article *853 2452 are those which arise on behalf of the buyer, not any third person who may claim ownership. While the defendant may very well be subject to be called in warranty or as third party defendants by its vendees to answer in damages, we do not perceive a valid foundation for damages by these plaintiffs based on the facts shown. Accordingly, the motion for summary judgment dismissing the damage suit is affirmed.
For the reasons above stated, the judgment appealed is affirmed.

AFFIRMED.