426 So.2d 328 (1983)
George A. HADDAD, Jr., Plaintiff-Appellant,
v.
Joe M. TOLBERT d/b/a Tolbert Well Service and Delmon E. Nottingham d/b/a Hammers Service Company, in Solido, Defendants-Appellees.
No. 15108-CA.
Court of Appeal of Louisiana, Second Circuit.
January 17, 1983.
Gamm, Greenberg & Kaplan by Jack H. Kaplan, Shreveport, for plaintiff-appellant.
John R. Pleasant, Shreveport, for defendants-appellees.
*329 Before HALL, MARVIN and JASPER E. JONES, JJ.
HALL, Judge.
Plaintiff, George A. Haddad, Jr., brought this suit against Joe N. Tolbert d/b/a Tolbert Well Service, and Delmon E. Nottingham d/b/a Hammer Service Company, seeking to recover the value and lost rental value of oil well service equipment owned by him allegedly purchased by defendants from other parties without plaintiff's knowledge, consent, or authority and thereafter sold by defendants to another party. Defendants denied liability, admitting that they acquired the property from O.D. Broome and R.C. Lee who they thought to be the owners of the property, and alleging that after learning the equipment belonged to plaintiff they recovered the equipment from their purchaser and offered to return it to plaintiff. Defendants filed a third party demand against the parties from whom they had acquired the equipment. After trial, judgment was rendered ordering the equipment inspected by an engineer and if found to be in good condition, ordering return of the equipment to plaintiff. Plaintiff's demands for damages were impliedly rejected. Judgment by default was rendered in favor of defendants-third party plaintiffs against the third party defendants for return of the purchase price paid for the equipment.
Plaintiff appealed contending the trial court erred in failing to award him damages for the loss of a potential sale and loss of rental of the equipment from the time it was taken from his storage yard until it was returned to him pursuant to the judgment rendered in this case. Defendants answered the appeal contending plaintiff is barred from appealing because of his acquiescence in the judgment by accepting return of the poles, and praying for damages for frivolous appeal. For the reasons expressed in this opinion we hold the appeal is proper, affirm the judgment of the district court, and reject defendants' prayer for frivolous appeal damages.
Plaintiff is the owner of a set of telescoping poles, part of a pulling unit used in oilfield operations, which had been stored in his storage yard for a period of several years prior to the summer of 1981. In June 1981 defendants paid O.D. Broome and R.C. Lee $3,000 for the poles upon Broome and Lee's representations that they were the owners or agents for the owner of the poles. Defendants made improvements to the poles at a cost of $750, attached them to a service unit they constructed, and sold the service unit to another party.
Plaintiff discovered the poles were missing in September 1981 and after having the disappearance investigated by the sheriff's department, learned that the poles had been purchased by defendants. When defendants were notified that the poles belonged to plaintiff and that the parties with whom they dealt had no legal right to sell them, defendants recovered the poles from their purchaser and offered to return the poles to plaintiff. Plaintiff refused to accept return of the poles and insisted on being paid $9,000, or that defendants return the poles and pay $2,000. Defendants refused to pay any money and plaintiff filed this suit.
It is not disputed that after judgment was rendered the poles were inspected and then returned by defendants to plaintiff in as good or better condition then they were in at the time they were taken from the plaintiff's storage yard.

Acquiescence
Appellees contend the appeal should be dismissed on the ground that appellant has acquiesced in the trial court's judgment by accepting delivery of the poles.
LSA-C.C.P. Art. 2085 provides that:
"An appeal cannot be taken by a party... who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment."
*330 The acquiescence which precludes an appeal under the provisions of this article is "the acquiescence in a decree commanding that something be done or given." There can be no acquiescence in a judgment that commands neither the doing or the giving of anything. Succession of Land, 209 La. 135, 24 So.2d 289 (1945). The actions of appellant indicate that he did not acquiesce in the portion of the judgment rejecting his claim for damages. At most, plaintiff's action in accepting return of the poles constituted acquiescence in the part of the judgment ordering the return of the poles to him. There is no showing that by accepting the poles appellant clearly intended to abandon his right to appeal the portion of the judgment rejecting his damage claim. See Cohn Realty Company, Inc. v. Able Moving and Storage Company, Inc., 402 So.2d 104 (La.App. 1st Cir.1980). Appellant is entitled to pursue his appeal insofar as his claim to damages is concerned.

The Merits
The trial court found that the "wrong" was brought about not by the defendants but by Lee and Broome who took plaintiff's property and sold it to the defendants. This equates to a finding that defendants were not at fault, which finding is supported by the evidence. Plaintiff's claim for damages is necessarily grounded on LSA-C.C. Art. 2315 and in the absence of fault there is no legal basis for holding defendants liable for any damages suffered by plaintiff because of loss of rental or sale of the property. Further, plaintiff's evidence was insufficient to establish that he did, in fact, sustain any loss. The equipment lay idle in his storage yard for several years, his expert witness testified he had not rented similar equipment he owned for several years, and the inquiries made by two persons concerning sale or rental as testified to by plaintiff did not amount to offers for rental or purchase of the equipment.
Plaintiff bases his claim for damages on LSA-C.C. Art. 2452 which provides:
"The sale of a thing belonging to another person is null; it may give rise to damages, when the buyer knew not that the thing belonged to another person."
Plaintiff's reliance on Article 2452 is misplaced; the article provides for recovery of damages by an innocent purchaser against the seller of a thing belonging to another, not for recovery of damages by the owner of the property against the innocent purchaser. See Boe v. Lake Forest, Inc., 384 So.2d 850 (La.App. 4th Cir.1980); 29 La.L. Rev. 329 at page 345. The good faith purchaser of stolen property is liable to the owner of the property only for the return of the property or, if unable to return the property, the fair market value thereof. Continental Casualty Company v. Ramon, 151 So.2d 526 (La.App. 4th Cir.1963). In the absence of fault, which was not established in this case, the purchaser of property belonging to someone other than his vendor is not responsible for damages incurred by the owner of the property over and above the purchaser's obligation to return the property or, if unable to return the property, pay the fair market value thereof.

Frivolous Appeal
Although found to be without merit, plaintiff's appeal of the rejection of his claim for damages was obviously taken in serious and vigorous pursuit of what plaintiff perceived to be his legal rights, and is not frivolous. LSA-C.C.P. Art. 2164; Goad v. May, 376 So.2d 340 (La.App. 3d Cir.1979).

Decree
The judgment of the district court is affirmed. Appellees' demands for dismissal of the appeal and for frivolous appeal damages are rejected. Costs of the appeal are assessed to the plaintiff appellant.
Affirmed.