# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-652


DOROTHY CLEMENT, ET AL.

VERSUS

FOUR WINDS TRIBE-LOUISIANA, ET AL.


**********


APPEAL FROM THE
THIRTIETH JUDICIAL DISTRICT COURT
PARISH OF VERNON, NO. 67,931
HONORABLE JOHN C. FORD, DISTRICT JUDGE

**********

## OSWALD A. DECUIR
## JUDGE

**********

Court composed of John D. Saunders, Oswald A. Decuir, and Glenn B. Gremillion, Judges.


**AFFIRMED.**


**Virginia W. Brown**
**McBride & Collier**
**301 Jackson Street, Suite 101**
**Alexandria, LA 71301**
**(318) 445-8800**
**Counsel for Defendant/Appellee:**
**    Four Winds Tribe-Louisiana Cherokee Confederacy, Inc.**

**Leslie R. Leavoy  Jr.**
**McBride & Collier**
**P. O. Box 1055**
**DeRidder, LA 70634**
**(377) 462-6051**
**Counsel for Defendant/Appellee:**
**    Four Winds Tribe-Louisiana Cherokee Confederacy, Inc.**

Kathryn Fowler Van Hoof
Van Hoof Law Firm
P. O. Drawer 339
LeCompte, LA 71346
(318) 776-4836
Counsel for Plaintiffs/Appellants:
     Billy Sinor
     Darrell Bynog
     Cheryl Perkins
     Del Lavon Sweat
     Shirley Crowe
     Martha Alexander
     Joyce Laird Reeves
     Barbara Rodrigues
     Becky Gohr

Nora J. Dodson
In Proper Person
64 Redbird Drive
Converse, LA 71419

**DECUIR, Judge.**

In this appeal, we are called upon to address the legitimacy of a corporate election of directors of the Four Winds Tribe–Louisiana Cherokee Confederacy, Inc. The action was initiated as a Petition for Quo Warranto and Writ of Injunction for the purpose of requiring the defendants to show by what authority they claimed to be members of the governing body of the tribe and enjoining them from acting on behalf of the tribe. After a trial on the merits, the trial court rendered judgment on April 7, 2004, finding the defendants had no legal right to hold the offices they claimed and enjoining all persons from claiming office and exercising any rights of office. The court then appointed an interim board of directors consisting of three members of the tribe aligned with the plaintiffs and three aligned with the defendants whose purpose was to identify voting members, establish bylaws, and hold an election for a board of directors. A special master was appointed to oversee and assist the interim board in the discharge of its duties.

Pursuant to the trial court's judgment, an election for a board of directors was held on July 24, 2004. None of the candidates proposed by the plaintiffs were successful in the election, whereas all of the candidates nominated by the defendants were successful. Consequently, on July 30, 2004, the plaintiffs filed a declaratory judgment action seeking to have the election results declared null and void based on numerous alleged irregularities in the election process. At a hearing, testimony was presented from both sides as well as from the court-appointed special master and certain uninterested persons who had observed the election. In a judgment dated January 5, 2005, the trial court ultimately ruled against the plaintiffs, finding that while the election was not without problems, the discrepancies in the voting process did not materially affect the outcome.

The plaintiffs have now appealed both the April 7, 2004 judgment and the January 5, 2005 judgment. For the reasons which follow, we affirm the judgments rendered below.

The defendants argue that since the plaintiffs did not appeal or otherwise object to the court appointed interim board of directors and the court ordered election, their appeal of that judgment is now moot. They cite *Times Picayune Publishing Corp. v. New Orleans Aviation Board,* 99-237 (La. App. 5 Cir. 8/31/99), 742 So.2d 979, *writ denied,* 99-2838 (La. 12/10/99), 751 So.2d 257, for the proposition that voluntary acquiescence in a judgment prohibits appeal. Indeed, Article 2085 of the Louisiana Code of Civil Procedure provides that an "appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him." Relying on this statutory language, the *Times Picayune* court, 742 So. 2d at 982, reached the following conclusion:

> The acquiescence that prohibits an appeal, or destroys it when taken, is the acquiescence in a decree commanding something to be done or given. If the thing commanded to be done or given is done or given, there has been acquiescence in the judgment. *Mason v. Red River Lumber Co.*, 188 La. 686, 177 So. 801 (1937); *Haddad v. Tolbert*, 426 So.2d 328 (La.App. 2 Cir.1983).

*See also*, *West v. Bruner Health Group, Inc.,* 03-152 (La.App. 3 Cir. 10/29/03), 866 So.2d 260, *writs denied*, 04-913, 04-935 (La. 6/18/04), 876 So.2d 805, 806.

In the instant case, the plaintiffs fully cooperated in the events ordered by the trial court's April 2004 judgment. They accepted seats on the interim board of directors. They worked with the defendants' representatives on the board and the special master to schedule an election. They planned the election and submitted lists of potential voters. In fact, a proper election of directors is what the plaintiffs sought.

2

While the plaintiffs argue in this appeal that once the defendants were removed from holding seats on the board of directors, the plaintiffs, and in particular Billy Sinor, should have been restored to the offices previously held, their actions in support of the April 2004 judgment belie that position. If indeed the plaintiffs sought only to restore Billy Sinor to the position of chief, then they should have appealed the judgment ordering the formation of an interim board of directors and subsequent election. Having failed to do so at the appropriate time in this litigation, the plaintiffs are barred from raising such complaints now.

We turn now to the plaintiffs' complaints regarding the process of the election for a board of directors. The plaintiffs filed a petition seeking to have the results of the election declared null and void via declaratory judgment and enjoining the persons elected from acting as the governing body of the tribe. The trial court denied the requested relief, finding that though there were flaws in the mechanics of the election, there was no evidence of fraud or irregularities which might have affected the results.

The interim board of directors, with the assistance of the court appointed special master, established the procedure and date for the election of a board of directors. The plaintiffs and the defendants each submitted a group of five names to be included on the ballot. The parties submitted voter lists to the special master, which lists were used at the election itself to prevent fraud and mistakes. The lists were by no means perfect, proving to be both incomplete and cumbersome on the day of the election. Numerous individuals who presented themselves as tribal members eligible to vote were not allowed to cast a ballot because their names were not included on the lists. Nevertheless, the procedure for checking voters' names had been agreed upon prior to the election and was carried out consistently. The trial

3

judge heard testimony from several individuals who had been prevented from casting a ballot. The court determined that the problems which were evident in the election process did not indicate that fraud occurred and did not reveal that a contrary result was likely but for the discrepancies.

The record supports the factual findings of the trial court. We find no manifest error in the conclusion that the plaintiffs failed to establish that the election results should be declared null and void or that they were entitled to injunctive relief. Accordingly, the January 2005 judgment of the trial court is affirmed. For the above and foregoing reasons, both judgments put before us are affirmed and costs of this appeal are assessed to the plaintiffs.

**AFFIRMED.**