PONDER, Justice.
 

 The plaintiff brought suit against the defendants seeking to recover the sum of $2,372.13, alleged to be due for machine parts and services rendered to the defendants. The defendants denied the correctness of the account and reconvened asking for judgment in the amount of $12,566.62 as damages for alleged breach of contract. After various exceptions had been interposed, the defendants dismissed the re-conventional demand as of non-suit and filed a separate demand for the alleged damages under the provisions of Article 377 of the Code of Practice. Service of this demand was contested by the attorneys of the non-resident pláintiff. The defendant then sued out an attachment and caused to be seized the rights and interest of the plaintiff in plaintiff’s suit against the defendants. On trial of the plaintiff’s demand, the lower court gave judgment in favor of the plaintiff and the defendants appealed. Thereafter, the lower court sustained a plea to the jurisdiction ratione personae to the defendants’ demand and dismissed the defendants’ attachment on a plea of prescription. The defendants appealed from both judgments.
 

 The plaintiff has moved to dismiss the defendants’ appeal from the judgment
 
 *549
 
 awarding the plaintiff $2,372.13 on the ground that the defendants acquiesced in the validity and integrity of the judgment by seizing the plaintiff’s interest therein. The plaintiff, appellee, relies on Sections 3864-3868 of Title 13 of the Louisiana Revised Statutes of 1950, LSA-RS, and the cases of Buntin v. Johnson, 27 La.Ann. 625 and Ratcliff v. Levin, 173 La. 931, 139 So. 10. We have examined these authorities and find that they are not applicable.
 

 An appeal is a constitutional right and any doubt as to the right of an appeal must be resolved in favor of the appeal. The pertinent provisions of Article 567 of the Code of Practice reads as follows: “The party against whom judgment has been rendered can not appeal: * * * if he have acquiesced in the same, by executing it voluntarily. * * *” In interpreting this provision of this article of the Code of Practice, this court has on numerous occasions stated that an appeal will not be denied unless the acquiescence in the judgment be unconditional, voluntary and absolute on the part of the appellant who must have intended to abandon his right of appeal. The views herein expressed are in accord with those stated in the opinions of this court in the cases of Sanderson v. Frost, 198 La. 295, 3 So.2d 626; McCann v. Todd, 201 La. 953, 10 So. 2d 769; State ex rel. Parish of Plaquemines v. Baynard, 204 La. 834, 16 So.2d 451; Succession of Land, 209 La. 135, 24 So.2d 289 and the cases cited therein.
 

 The record in this case contains nothing to indicate that the appellants acquiesced in the judgment or had any intention of abandoning their appeal. The appellants were endeavoring by the attachment to protect their rights against a nonresident litigant. The appellants have made no effort to execute the judgment but are contesting it on the appeal. From a review of the litigation between these parties, it is apparent that the appellants were trying to prevent their opponent from obtaining a judgment against them and if so that their rights in the damage suit might be protected and enforceable.
 

 For the reasons assigned, the motion is denied.