THE STATE OF NEVADA, ON RELATION OF ITS DEPARTMENT OF HIGHWAYS, PETITIONER, v. SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF WASHOE, RESPONDENT.

No. 4190

April 7, 1959                                337 P.2d 274

*William E. Freedman,* Deputy Attorney General, for Petitioner.

*Ernest S. Brown* and *William L. Hammersmith,* of Reno, for Respondent.

## OPINION

By the Court, MERRILL, C. J.:

This proceeding involves the condemnation of land by the State. The State is in possession of the premises under order of immediate occupancy. It has appealed from the award of compensation, contending that the award is excessive. The question here presented is whether the State, as a condition to remaining in possession pending its appeal, must deposit in court the amount of the award.

The suit for condemnation is brought by the State through its department of highways, and involves certain lands in Washoe County. After taking possession

of those lands under an order for immediate occupancy, the State secured a decree of condemnation from the respondent court. Its appeal from that portion of the decree awarding compensation to the condemnees is now pending before this court as case No. 4172. That appeal has already been before us on a preliminary matter. We ruled that execution would not lie against property of the State and that a writ of execution issued out of the court below must be quashed. State ex rel. Department of Highways v. Olsen, 75 Nev. 75, 334 P.2d 847.

Following that decision, upon motion of the condemnees respondent court has entered an order pursuant to NRS 37.170 requiring the State, pending its appeal, to deposit in court the amount of the condemnation award.

The State now seeks a writ of prohibition restraining respondent court from proceeding to enforce its order of deposit. The State contends that where a condemnor is in possession under an order of immediate occupancy, NRS 37.170 does not apply.

That section at the time of the order in question provided,

"1. At any time after the entry of judgment, or pending an appeal from the judgment to the supreme court, whenever the plaintiff shall have paid into court for the defendant the full amount of the judgment, and such further sum as may be required by the court as a fund to pay any further damages and costs that may be recovered in the proceedings, as well as all damages that may be sustained by the defendant, if for any cause the property shall not be finally taken for public use, the district court in which the proceeding was tried may, upon notice of not less than 10 days, authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation, and may, if necessary, stay all actions and proceedings against the plaintiff on account thereof.

"2. The defendant, who is entitled to the money paid

into court for him upon any judgment, shall be entitled to demand and receive the same at any time thereafter upon obtaining an order therefor from the court. The court or judge thereof shall, upon application being made by such defendant, order and direct that the money so paid into court for him be delivered to him upon his filing a satisfaction of the judgment, or upon his filing a receipt therefor, and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted. A payment to a defendant, as aforesaid, shall be held to be an abandonment by such defendant of all defenses interposed by him, excepting his claim for greater compensation."

Immediate occupancy is authorized by NRS 37.100 which, at the time of the order in question, provided in part as follows:

"1. The plaintiff may move the court or a judge thereof, at any time after the commencement of suit, * * * for an order permitting the plaintiff to occupy the premises sought to be condemned, pending the action, * * *.

"2. The court or a judge thereof shall take proof, by affidavit or otherwise, of the value of the premises sought to be condemned and of the damages which will accrue from the condemnation, and of the reasons for requiring a speedy occupation, and shall grant or refuse the motion according to the equity of the case and the relative damages which may accrue to the parties.

"3. If the motion is granted, the court or judge shall require the plaintiff to execute and file in court a bond to the defendant, with sureties, to be approved by the court or judge in a penal sum to be fixed by the court or judge, not less than double the value of the premises sought to be condemned and the damages which will ensue from condemnation and occupation, as the same may appear to the court and judge on the hearing * * *. * * * The amounts fixed shall be for the purpose of the motion only, and shall not be admissible in evidence on final hearing.

"5. The provisions of this section requiring the

execution and filing of a bond shall not apply in any action or proceeding in which the State of Nevada is the plaintiff, but the public faith and credit of the State of Nevada is hereby pledged as security in lieu of the bond."

Our problem is one of statutory construction: to effect a reasonable reconciliation of these two sections, both having to do with a condemnor's right to possession of the condemned premises pending final determination of all disputes relating to the particular condemnation.

The State contends that its right to possession is fixed by NRS 37.100 and that its right under that section continues "pending the action"—that is, until final disposition of the litigation upon appeal. It contends that NRS 37.170 should be construed as applying only in cases where the appeal is taken by the condemnee from what he regards as an inadequate award.

The State's proposed reconciliation of the two sections, then, is to make their applicability depend upon which party is appealing. Thus, if a plaintiff is appealing, his right to possession pendente lite is fixed by NRS 37.100; while if the defendant is appealing, the plaintiff's right to possession is fixed by NRS 37.170.

On the other hand, respondent contends that NRS 37.100 should apply only pending the trial of the action; that NRS 37.170 should apply to all appeals whether taken by the condemnor or condemnee.

The language of the two sections favors respondent's construction. NRS 37.170 expressly contemplates that it shall apply in cases where the plaintiff is already in possession. NRS 37.100 does not appear to contemplate that motions thereunder would be made after judgment. On the contrary, by the means provided for determining value, the section appears to contemplate that no determination by judgment shall yet have been made. No provision is made for adjustment of security to conform to judgment.

We may note that either proposed construction would seem to be available under our constitutional provision: "nor shall private property be taken for public use

without just compensation having first been made or secured * * *." Nev. Const. Art. I, sec. 8.

However, we believe the sense and spirit of the constitutional requirement favor respondent's construction. Although compensation need not first be made, but need only be secured, payment should not be unduly delayed in those cases where the condemnee has already lost the possession and use of his property. The assurance of ultimate payment plus interest may not be sufficient to meet the immediate needs of a condemnee either to his property or to its cash equivalent. The power not only to take possession of another's property, but also to postpone indefinitely the payment of just compensation for it, is a power which may well have an oppressive effect. It might well, through duress of circumstances, compel the acceptance by a condemnee of compensation felt not to be just.

We conclude that NRS 37.170 should be construed to require deposit by the State as ordered by respondent court.

The State contends that this construction in practical effect deprives it of its right to appeal in all cases where it has already gone into possession. It points out that NRS 37.170 not only provides for deposit by the condemnor but for the payment to the condemnee of such deposit. Such payment, the State contends, amounts to a voluntary satisfaction of judgment which renders the appeal subject to dismissal as moot, citing Mt. Shasta Power Corp. v. Dennis, 66 Cal.App. 186, 225 P. 877.

Such is not our view of the law. The deposit provided by NRS 37.170 is a condition to the condemnor's right to maintain an appeal while remaining in possession. It is not an acceptance of the judgment rendered, but is the meeting of a condition by which that judgment may be disputed. The deposit in the hands of the condemnee is thus as much subject to the final disposition of the case as is property obtained by a judgment creditor through execution pending appeal. In such cases the judgment debtor is entitled to restitution of so much

as may ultimately be determined to be excessive. Ex Parte Walter Brothers, 89 Ala. 237, 7 So. 400, 18 Am.St. Rep. 103; Ward v. Sherman, 155 Cal. 287, 100 P. 864; Drury v. Franke, 247 Ky. 758, 57 S.W.2d 969, 88 A.L.R. 917; see Anno. 101 A.L.R. 1148.

Under a statute similar to ours, the Arizona supreme court in a recent case has held that deposit pending appeal does not render the appeal moot. It stated, "True, the statute does not explicitly provide for recovery by the State from the condemnee of any amount deemed excessive upon appeal. But, assuming that an excessive award might be found in an appropriate case, the interpretation of the statute for which appellees contend would mean that, whenever the State sought use of property before conclusion of an appeal, as provided for by the statute, the condemnee would gain a fixed right, not to 'just compensation,' but, if awarded, to excessive, unjust compensation—a result hardly consistent with the legislature's enactment and beyond the 'just compensation' which the Constitution requires." State ex rel. Morrison v. Jay Six Cattle Company, 85 Ariz. 220, 335 P.2d 799, 802.

The State contends that in any event this construction places upon the State an undue burden: that of seeking to get back from a condemnee that which he should never have had and may already have squandered.

This is the burden which must be borne by every judgment debtor who appeals in absence of supersedeas. We do not regard such burden as unjust when balanced against the condemnee's right to prompt compensation for property already taken.

We affirm respondent court in its entry of the order in question. Writ denied and proceedings dismissed.

McNamee and Badt, JJ., concur.