TATE, Judge.
The plaintiff Department expropriated defendant’s property under the “quick-taking” statute, LSA-R.S. 48:441-48:460. The defendant landowner contested the amount of compensation deposited, and the trial court increased the award. The plaintiff Department devolutively appeals such increase.
The defendant landowner moves to dismiss the appeal. The landowner contends that the Department unconditionally acquiesced in the judgment by depositing into court the additional amount awarded. The defendant-appellee relies upon LSA-C.C.P. Art. 2085, which pertinently provides: “An appeal cannot be taken by a party * * * who voluntarily and unconditionally acquiesced in a judgment rendered against him * *
The former Orleans Court of Appeal has previously rejected similar contentions by a defendant landowner seeking to dismiss an appeal by the Department. State through Department of Highways v. Rownd, La.App.Orl., 119 So.2d 282, certiorari denied. In this decision, the court pointed out that the “quick-taking” expropriation statute contemplated a devolu-tive appeal only, as in other expropriation-suits. Since a suspensive appeal is prohibited, LSA-R.S. 19:13, LSA-Civil Code-Article 2634, the Department was under a. statutory duty to deposit the additional amount awarded, when taking a devolutive appeal. The court concluded that therefore-the deposit of the award into court did not amount to a voluntary acquiescence in the-judgment rendered against such party, such as would bar a further appeal.
We agree with the reasoning and conclusion of the Orleans court. Accordingly,, the defendant-appellee’s motion to dismiss-the appeal is denied.
Motion to dismiss appeal denied.