BOLIN, Judge.
The Department of Highways, State of Lousiana, expropriated a part of a certain lot with improvements located on the east side of Benton Road in Bossier City, Louisiana, for construction of a portion of Interstate 20. In accordance with the constitutional and statutory provisions the Department deposited in the registry of the court $35,950, being the appraised value of the lot and improvements of which $1,800 was fixed as severance damages.
The owners of the property, James M. Holmes and his divorced wife, Fleeta Adkins Holmes, answered the suit and sought an increase in the damages to $50,000 to be apportioned one-half to each. At the time of the taking Jimmy L. Cordell and his divorced wife were lessees of the property at a monthly rental of $200. The Cordells, having been named as defendants, reconvened separately, each asking that the lease be recognized as being in full force and effect until December 31, 1965 and that they be adjudged entitled to $20,000 which was alleged to be the value of the lease over and above the monthly rental for a period of five years.
By agreement of the parties the Holmes couple was permitted to withdraw from the registry of the court the sum of $13,350 being the difference between the appraised value of the land and improvements taken less the sum claimed by the Cordells. Holmes, his wife and the Department deny the Cordells are entitled to any reimbursement for their lease, claiming the lease expired December 31, 1962, prior to the expropriation.
Following trial on the merits the judgment was increased to $37,442.76 for the land, the improvements and severance damage in favor of the landowners. In a separate judgement the court awarded $12,000' to plaintiffs in reconvention, Jimmy L. Cordell and Alma Williams Cordell, and’ against defendant in reconvention, State of Louisiana, through the Department of Highways. This latter award was based on a finding the lease had an economic value of $400 per month; that Cordell had exercised his option to renew his lease, which had two years to run; and on the finding that he had an additional three-year option from December 31, 1965. An. intervention filed by Roy L. Cordell was-dismissed and he has not appealed.
The Department of Highways was granted devolutive appeals from both judgments of the lower court and the appellees filed motions to dismiss the appeals based on the-ground the Department has failed to comply with its duty to deposit the additional amount awarded by the trial court over the initial deposit of plaintiff when taking the appeal nor has it paid the excess to-these defendants. We think it necessary, prior to a determination of the correctness-of the lower court’s judgments allowing increases, first to dispose of the motions to dismiss. In brief filed in support of the motion attorney for defendant J. L. Cordell states there is no longer any issue between Jimmy Cordell and Alma Cor-dell concerning the distribution of the judgment as between them; in the divorce suit Jimmy Cordell has had the judgment judicially sequestered and both parties are-protected thereby.
It is admitted the Department of Highways has neither deposited the excess amounts of the trial court’s awards in the-registry of the court nor has it paid these amounts to appellees.
Appellees contend deposit of the excess is a prerequisite to the perfecting of a de-volutive appeal by plaintiff. In support of this contention we have been cited to Article 1, Sec. 2 and Article 6, Sec. 19.1 of the Constitution of Louisiana; Louisiana Re *183 vised Statutes 48:445 and 48:456; State of Louisiana, through the Department of Highways v. Rownd (Orl.App.1959) 119 So.2d 282 (cert. denied May 31, 1960); State v. Dodge (La.App. 3 Cir. 1964) 166 So.2d 286 and the extensive discussion of Justice Summers in State of Louisiana, through the Sabine River Authority v. Phares (Sup.Ct.1963) 245 La. 534, 159 So.2d 144, at 146-147.
Article 1, Sec. 2 of the Louisiana Constitution of 1921 provides:
“No person shall be deprived of life, liberty or property, except by due process •of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate ■compensation is paid.” (Emphasis add■ed.)
The authority for the Legislature to provide for the “quick-taking” of property for highway purposes is conferred by Article 6, Section 19.1 of the Constitution and the implementing statutes are found in Lottisiana Revised Statutes 48:441 et seq. The constitutional provision and the statutes passed pursuant thereto contemplate •deposit of just and adequate compensation, •or the appraised value of the property and damages to which the owner thereof may be entitled, prior to vesting of title in the Department of Highways.
The question then becomes: Is deposit of the appraised value in the registry of the court sufficient not only to allow title to vest but to allow an appeal by the Department of Highways from a judgment of a district court without depositing the excess? If this question is answered affirmatively does this amount to the granting of a suspensive appeal in violation of both Louisiana Revised Statutes 19:13 and Louisiana Civil Code Article 2634?
In State v. Rownd, supra, the Orleans Court of Appeal had before it the question of whether the deposit of the excess awarded by the lower court prior to appeal amounted to an acquiescence in the judgment so as to cut off the appellant’s right of appeal. In disposing of this question the court made the following pertinent observations :
* * * * * *
“When we come to consider the question of whether there has been acquiescence in the judgment, we note in the first place that, although in the special highway expropriation statute, Act 107 of 1954, LSA-R.S. 48:441 et seq., there is no express provision which grants to the Department of Highways the right to appeal, there are provisions which seem to us to indicate clearly that the Department has such a right though, for reasons which we shall later give, such an appeal may be devolutive only.
“There are two provisions in the statute to which attention should be directed, Section 459, captioned ‘Effect of appeal’, provides that no appeal ‘shall operate to prevent or delay the vesting of title * * *.’ The other section of the statute which is important is Section 454. It is captioned ‘Trial according to general expropriation laws.’ It provides that, except where specially otherwise provided in this amendment of 1954, these expropriation suits by the Department of Highways ‘are tried in accordance with the provisions of the general expropriation laws.’
“When we refer to the general expropriation laws which are to be found in LSA-R.S. 19, we find section 13, as amended by Act 706 of 1954 thereof, reads as follows:
“ ‘There is no suspensive appeal from any judgment rendered in an expropriation suit. When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the *184 property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on that appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.’
“We note also that Article 2634 of our Civil Code, LSA, has been amended by Act 705 of 1954 which is identical with LSA-R.S. 19:13.
“Therefore the quoted provision of the general expropriation laws and the amended article of the Civil Code plainly indicate that where, after a trial, the value of the land taken is fixed at an amount greater than the amount of the original deposit, the additional amount required by the judgment may be paid either directly to the landowner, or deposited in the registry of the court and then withdrawn by the landowner, and they further plainly provide that should the amount awarded be changed on appeal, the necessary adjustment must be made. In other words, if the amount is increased, the plaintiff in the expropriation proceeding ‘shall be bound to pay the additional assessment,’ and if the amount is reduced, the party plaintiff in the proceeding shall ‘be entitled to recover back the surplus paid.’
“From these several provisions we reach the conclusion that the Department of Highways not only was within its rights, in appealing but as a matter of fact was bound by law, when appealing from the decision of the district court, to deposit the additional amount in the registry of the court, or to pay the necessary amount directly to the landowners, and that in doing either, it did not acquiesce in nor confess the judgments from which it had appealed.”
******
In State v. Dodge, supra, the statement of the court in the Rownd case was repeated with approval, as follows:
“Since a suspensive appeal is prohibited, LSA-R.S. 19:13, LSA-Civil Code Article 2634, the Department was under a statutory duty to deposit the additional amount awarded, when taking a devolu-tive appeal.” f
While it is true that both the Rownd and the Dodge cases were concerned with the question of whether a deposit of the excess by the Department of Highways had resulted in an “acquiescence” in the judgment so as to preclude an appeal, nevertheless both the Orleans Court of Appeal and the Third Circuit Court of Appeal concluded the Constitution and Statutes required deposit of the funds prior to appeal, therefore such deposit could not be construed as “acquiescence.”
Louisiana Code of Civil Procedure Article 2085 (formerly C.C.P. Art. 567) provides :
“An appeal cannot be taken by a party who confessed judgment in the proceedings in the trial court or who voluntarily and unconditionally acquiesced in a judgment rendered against him. Confession of or acquiescence in part of a divisible judgment or in a favorable part of an indivisible judgment does not preclude an appeal as to other parts of such judgment.” (Emphasis added.)
While we agree with appellant that only the question of acquiescence, by voluntary deposit of the excess awarded by the trial court, was the issue in both the Rownd and the Dodge cases, we do not agree the pronouncements of the court were pure and simple dicta. Apparently the Department of Highways in the cited cases considered it prerequisite to appeal that the excess be deposited in the registry of the court. When faced with a motion to dismiss for having acquiesced in the judgment the defense must have been the payment was not made voluntarily but was necessary under the Constitution and Statutes. Assuming such to have been the contention, the judgment of the courts in the cited cases determined whether the Department of High *185 ■ways had a duty to deposit the excess— "having determined it did, it would then follow logically that the deposit was not made voluntarily and did not therefore -amount to “acquiescence” so as to cut off ■the right of appeal.
The precise question here presented • appears not to have been passed on in Louisiana and we are aware of no case in which the Department of Highways has refused to pay the excess, at least into the registry of the court, before appealing. From the pronouncements in the Rownd and Dodge cases we conclude the motion to dismiss should be sustained.
Moreover, if it is true, as stated in brief ■of attorney for appellees, that the latter have been enjoined by the Nineteenth Judicial District Court from executing their writ of fieri facias issued pursuant to the •executory judgment of the lower court fixing the value of the property in excess of the non-judicial appraisal of the department -we think a serious question would arise as to the constitutionality of the interpretation contended for by appellant. Ordinarily, •one who obtains judgment in his favor in the district court may, in the absence of a ■suspensive appeal, proceed immediately to execution of such judgment. If he is prohibited from such collection either as a practical matter or by order of court he is in the same position as one against whom a suspensive appeal has been lodged, except that in the instant situation no suspensive appeal bond is required nor does the statute allow such an appeal.
For the reasons assigned the motions to dismiss filed by appellees are sustained and the appeal is dismissed, appellant to pay ■such costs as it is legally obligated to pay.
Appeal dismissed.