205 So.2d 416 (1967)
251 La. 607
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS,
v.
James M. HOLMES et al.
No. 48612.
Supreme Court of Louisiana.
December 11, 1967.
Dissenting Opinion December 22, 1967.
Rehearing Denied January 15, 1968.
*417 D. Ross Banister, Glenn S. Darsey, Ben C. Norgress, Chester E. Martin, Baton Rouge, for plaintiff-applicant.
Cook, Clark, Egan, Yancey & King, Love, Rigby, Donovan, Dehan & Love, Shreveport, for defendants and appellees and respondents.
McCALEB, Justice.
We granted certiorari in this matter to review a judgment of the Court of Appeal, Second Circuit, dismissing devolutive appeals taken by the State, Through the Department of Highways, from judgments rendered increasing the compensation payable to the defendants in an expropriation proceeding brought under the quick-taking statute, R.S. 48:441-460.
Pursuant to those provisions, the Department of Highways in November of 1963, expropriated certain property owned by James M. Holmes and Mrs. Fleeta Adkins Holmes which was then under lease to Jimmy L. Cordell and Alma Williams Cordell, and deposited in the registry of the court the sum of $35,950, the appraised value of the property, including $1,800 fixed as severance damages. The landowners filed answer seeking an increase to $50,000, and the lessees of the property demanded $20,000, representing the alleged value of the lease over and above the monthly rental for a period of five years.
After trial in the district court there was judgment in favor of the landowners for $37,442.76, with interest at the rate of 5% per annum from November 26, 1963 until paid, subject to a credit thereon of $35,950 which had been deposited in the registry of the court at the time of the taking. A separate judgment was rendered in favor of the Cordells (lessees) in the sum of $12,000.
The Department of Highways took devolutive appeals from both judgments, and appellees filed motions to dismiss the appeals. It was contended that, since the Department had neither deposited the excess *418 amounts of the trial court's awards in the registry of the court nor paid these amounts to appellees, the appeals should be dismissed, as such payments were an essential prerequisite to the Department's right of appeal.
The Court of Appeal, Second Circuit, with one judge dissenting, sustained the motions and dismissed the appeals. See State, Through the Department of Highways v. Holmes, La.App., 194 So.2d 181.
The Department of Highways asserts that the decision of the Court of Appeal is manifestly erroneous for the reason that the general law prescribing for devolutive appeals in expropriation cases (R.S. 19:13 and Article 2634 of the Civil Code as amended) does not require the payment of any excess compensation awarded by the trial court be made prior to or as a condition precedent to the entry of an order of devolutive appeal. In essence, it is contended that, since the Department acquired title to the property in accordance with R.S. 48:441-460 pursuant to authority granted the Legislature by § 19.1 of Article VI of the State Constitution, there is no requirement of law that a deposit of the excess award should be made upon the taking of a devolutive appeal.
The appellees, on the other hand, maintain that the Department's rights under Article VI, § 19.1 of the Constitution and R. S. 48:441-460 remain extant only so long as the ex parte appraisal of compensation and damages remain in effect; that whenever, after a contradictory hearing, the trial judge increases the amount of the appraisal and grants judgment for an amount in excess thereof, it becomes the legal obligation of the Department to pay said increased amount and that, if the Department desires to appeal devolutively from such judgment it is legally obligated, under the provisions of R.S. 19:13 and Civil Code Article 2634 as amended, to pay over or deposit the amount of the increased award, in default of which the appeal must be dismissed.
R.S. 19:13 and its counterpart, Article 2634 of the Civil Code, provide that a suspensive appeal is not allowed from a judgment or order of expropriation, and "When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid."
These provisions are clear and unambiguous, and nowhere in the language employed therein are we able to find any indication that the Legislature intended that the expropriating authority, upon taking an appeal, is required to pay the amount awarded into the registry of the court or to the landowner. Conversely, it is manifest that the payment of the award by the expropriating authority is only essential when it wishes to secure title to and possession of the property during the pendency of the devolutive appeal. Of course, in case the expropriator appeals from the judgment, its failure to pay the amount of the award renders the judgment executory. But it takes no more than a casual reading of these provisions to convince us that they were designed primarily to apply to cases involving corporations vested with the power of eminent domain, and not to the State itself or its subdivisions, because judgments against the State are not subject to execution by writ of fieri facias or otherwise. See prohibition contained in § 35 of Article III of the Constitution and the landmark case of Carter v. State, 42 La.Ann. 927, 8 So. 836.[1]
R.S. 48:454, dealing with the trial of condemnation suits brought by the Department *419 of Highways, provides that, except as otherwise provided in that Part, the suits are to be tried in accordance with the provisions of the general expropriation laws. Counsel for the Department concede that, under this provision, the taking of appeals is governed by R.S. 19:13 and Civil Code Article 2634, and that the right of appeal as stated in those statutes is only the right to a devolutive appeal. However, when the State takes an appeal, although denominated as a devolutive appeal, the effect of such appeal is suspensive in nature. This is because execution of any judgment obtained against the State, or any of its departments, cannot be sanctioned. Hence, the argument of appellees in this case seems to be that, since suspensive appeals are prohibited under the general expropriation laws, the State is required to pay the increased amount of the award of the district court in order to retain title to the property expropriated under the quick-taking statute.
This argument is without substance because R.S. 48:441, 443, 444 and 445 are explicit in their provisions to the effect that, as soon as the court issues an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for highway purposes at the time of the deposit, "* * * title to the property * * * shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto." (R.S. 48:445). Furthermore, R.S. 48:459 declares: "No appeal in any expropriation suit brought under these provisions shall operate to prevent or delay the vesting of title in the plaintiff." And R.S. 48:460 provides, in part, that: "The plaintiff shall not be divested by court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use."
In the case at bar, the property was taken for construction of a public highway and, hence, the judgment increasing the amount awarded to appellees cannot be regarded as divesting the Department's title to the property. In truth, it effectually confirmed the title and possession previously acquired and merely decreed that the landowners and lessees be given additional compensation. Accordingly, since title was not divested by the judgment, it would be anomalous to conclude that, when the Department appealed from the judgment, it was prerequisite that it deposit the excess monies awarded to appellees in order to retain its title to the property expropriated, and that its failure to deposit such monies in the registry of the court operates to deprive the Department of its right of appeal.[2]
In concluding that the appeals should be dismissed, the Court of Appeal relied in the main on two other Court of Appeal cases, viz., State, Through the Department of Highways v. Rownd (La.App., Orl.1959), 119 So.2d 282 (cert. denied); and State, Through Department of Highways v. Dodge (La.App., 3 Cir., 1964), 166 So.2d 286.
We find these cases inapposite to the case at bar. In those matters, unlike this case, the Department had deposited the amount of the increased awards in the registry of the court, and the appellees moved to dismiss the appeals on the ground *420 that by depositing such monies the Department acquiesced in the judgment, citing Article 2085 of the Code of Civil Procedure. The courts overruled the motions to dismiss, holding that the deposit of the additional awards did not constitute a voluntary acquiescence in the judgments. In arriving at these conclusions, the opinion in the Rownd case sweepingly asserted that the Department of Highways "* * * not only was within its rights, in appealing but as a matter of fact was bound by law, when appealing from the decision of the district court, to deposit the additional amount in the registry of the court * *".[3] The Court of Appeal in the instant case has seized upon this statement as the rationale for its holding.
We think that the broad observation that the Department "was bound by law" to make the deposit was unnecessary to the conclusions reached in the Rownd and Dodge cases and, furthermore, for the reasons herein given, consider that statement to be patently incorrect.
Finally, we note that appellees have filed here a plea of unconstitutionality which they alternatively urge in the event we should interpret R.S. 48:441-460 as not requiring the Department of Highways either to pay to them or deposit in the registry of the trial court the amount of the awards in excess of the initial deposit prior to taking a devolutive appeal, and as a prerequisite for such appeal. In support of this plea they cite numerous cases holding that, under the general expropriation laws, any taking of property without adequate compensation being first paid is violative of § 2 of Article I of the Constitution.
It suffices to say that the contention is fully answered by the decision of this Court in State, Through the Department of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455, holding that the constitutional guarantees contained in § 2 of Article I, requiring payment of adequate compensation before a taking for a public purpose, must yield to the subsequently adopted provisions of § 19.1 of Article VI of the Constitution pertaining to expropriation of property for highway purposes.
For the reasons assigned the judgment of the Court of Appeal, maintaining the motions to dismiss the appeals, is reversed. It is now ordered that these motions be and they are now overruled, and the case is remanded to the Court of Appeal, Second Circuit, for consideration of the appeals on their merits. Costs in this Court are to be borne by appellees.
HAMITER, J., dissents, being of the opinion that the judgment of the Court of Appeal is correct.
SUMMERS, J., dissents.
SUMMERS, Justice (dissenting).
I do not subscribe to the Court's decision in this case.
Article 2634 of the Civil Code and Section 13 of Title 19 of the Revised Statutes, which are identical, provide:
"No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal from any order, judgment, or decree rendered in such proceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal.
"When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount *421 awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid."
In my opinion the foregoing statutory provision makes it quite clear that "No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal * * *." This means, of course, that only a devolutive appeal is allowed. It is implicit in any reference to a devolutive appeal that the right to satisfaction of the judgment is not suspended during the appeal. The foregoing statute recognizes this fund-amental proposition and by its terms provides that the devolutive appeal is conditioned upon the payment of the amount awarded by the court, for it sets forth that "When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property * *" Hence "payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court" is a prerequisite and necessary incident to a devolutive appeal.
Unless this view is taken of the statute, its primary objective that "No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal" would, in the case of the Highway Department, amount to a dead letter, for execution of the judgment cannot be obtained against the State by fieri facias, or otherwise. When the Highway Department is involved, then, a suspensive appeal would, in effect, take place in a case in which the Department does not pay the excess while the appeal is pending. For although an excess may have been decreed to be due by the Department, it could not be compelled to pay the amount until the judgment was final on appeal, thus suspending the judgment until the appeal was final.
Under the majority opinion the Department may deposit a nominal amount under the procedure outlined in La.R.S. 48:441 et seq. and thereby effectively withhold from the owner of the property expropriated its just value throughout the time required to try the case, to appeal to the Court of Appeal and to apply to this court for writs, which, if granted, would involve the delays incident to argument, the rendition of an opinion, application for rehearing, etc.
A glaring example of the injustice which occurs under the majority view is before us in the case at bar. Here no deposit whatsoever was made by the State for the lease rights of Mr. Cordell, the State alleging in Article 12 of its petition that the lease had expired "under its own terms on December 31, 1962". The trial court, after hearing extensive testimony, held that the lease had not expired, for an option to renew the lease had been exercised and the lease was effective for five years longer. The sum of $12,000 was accordingly awarded for the lease rights. These rights were expropriated November 26, 1963 and judgment was rendered October 29, 1965, awarding the Cordells $12,000 for their property rights. The State appealed, its appeal was dismissed and writs were granted by this court. Before this case is finally decided, more than four years will have expired since the property rights of the Cordells were taken by the State and more than two years will have expired since the trial court, after a full hearing, judicially determined these rights to be worth the sum of $12,000.
Such a result is patently contrary to the letter and spirit of Article I, Section 2 of our Constitution, which ordains that "No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid." (Emphasis added). Any legislation which sanctions such an unconscionable delay in the payment of compensation for property taken would be violative of due process, and contrary to the letter and spirit of the exception to the prepayment *422 requirement of Article I, Section 2, contained in Article VI, Section 19.1 of the Louisiana Constitution.
Deposit of the excess as a mandatory requirement to a devolutive appeal is further indicated by the language of the statute when it provides: "If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid." This quoted language speaks of a change on appeal of the "amount awarded", which is a reference to the amount awarded by the trial court. It could be nothing else. Then the statute sets forth what will happen if there is a change in the "amount awarded" "the plaintiff" (Department of Highways) "shall pay the additional assessment" (by the appellate court) or "recover the surplus paid" (paid as a result of the "amount awarded" by the trial court). (Parentheses added). All of which demonstrates that the excess must have been paid prior to the prosecution of the devolutive appeal, otherwise an expropriating plaintiff could not "recover the surplus paid" as a result of the "amount awarded". Nor would the statute require the expropriating plaintiff to "pay the additional assessment" unless it was understood that an "assessment" or "amount awarded" had already been paid. It would not be a payment in addition unless some payment had previously been made.
The meaning I see in the statute is consonant with the constitutional requirement that compensation be paid prior to the taking. And this interpretation is more compatible with the constitutional exception to the prepayment requirement of Article I, Section 2, which permits the taking of title by ex parte order upon deposit of the appraised value of the property. See La. Const. art. 6, § 19.1 (1921).
This exceptior does not prevent the Legislature from imposing a condition precedent to an appeal to review the judicial award of the amount due the property owner. The title vested in the Department is not thereby disturbed. See La.R.S. 48:441 et seq. Only the Department's right to a review of the amount awarded by the Court is affected. The effect being that unless the excess awarded over the original appraisal is paid, the Department may not have the "amount awarded" reviewed. Nothing in Article VI, Section 19.1 or in La.R.S. 48:441 et seq. is inconsistent with this view. State of Nevada, on relation of its Department of Highways v. Second Judicial District Court, 75 Nev. 200, 337 P.2d 274 (1959); Board of Commissioners v. Blue Ribbon Ice Cream & Milk Corp., 231 Ind. 436, 109 N.E.2d 88 (1952).
The majority, by its decision, defeats the obvious intention of the Legislature in the enactment of Civil Code Article 2634 and La.R.S. 19:13 and tends in a direction which is entirely inconsistent with the letter and spirit of the Constitution.
I respectfully dissent.
HAMITER and SUMMERS, JJ., are of the opinion a rehearing should be granted.
NOTES
[1] The general law is well settled that executions cannot be levied against the State in the absence of special provisions granting such right. See 21 Am.Jur., § 32, § 457; Anno., 45 A.L.R. 1464.
[2] The Department had an indefeasible right of appeal from the judgments. For the right of appeal is conferred upon all litigants by the provisions of §§ 10, 29 and 36 of Article VII of our Constitution, and the Legislature would be powerless to curtail it by statute. Succession of Damico, 161 La. 725, 109 So. 402; State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601; and Harnischfeger Corp. v. C. W. Greeson Co., 219 La. 546, 53 So.2d 488. On the other hand, the Legislature has authority to determine appellate procedure, i. e., the conditions under which appeals will be suspensive or devolutive, fix the time for taking appeals and the like, provided the regulation does not impinge on vested rights.
[3] The opinion in the Dodge case contains a similar statement.