McCALEB, Justice.
We granted certiorari in this matter to review a judgment of the Court of Appeal, Second Circuit, dismissing devolutive appeals taken by the State, Through the Department of Highways, from judgments rendered increasing the compensation payable to the defendants in an expropriation proceeding brought under the quick-taking statute, R.S. 48:441-460.
Pursuant to those provisions, the Department of Highways in November of 1963, expropriated certain property owned by James M. Holmes and Mrs. Fleeta Adkins Holmes which was then under lease to Jimmy L. Cordell and Alma Williams Cordell, and deposited in the registry of the court the sum of $35,950, the appraised value of the property, including $1,800 fixed as severance damages. The landowners filed answer seeking an increase to $50,000, and the lessees of the property demanded $20,000, representing the alleged value of the lease over and above the monthly rental for a period of five years.
After trial in the district court there was judgment in favor of the landowners for $37,442.76, with interest at the rate of 5% per annum from November 26, 1963 until paid, subject to a credit thereon of $35,950 which had been deposited in the registry of the court at the time of the taking. A separate judgment was rendered in favor of the Cordells (lessees) in the sum of $12,-000.
The Department of Highways took devolutive appeals from both judgments, and appellees filed motions to dismiss the appeals. It was contended that, since the Department had neither deposited the excess amounts of the trial court’s awards in *612 the registry of the court nor paid these amounts to appellees, the appeals should be •dismissed, as such payments were an essential prerequisite to the Department’s right of appeal.
The Court of Appeal, Second Circuit, with one judge dissenting, sustained the motions and dismissed the appeals. See .State, Through the Department of Highways v. Holmes, La.App., 194 So.2d 181.
The Department of Highways asserts that the decision of the Court of Appeal is manifestly erroneous for the reason that the general law prescribing for devolutive appeals in expropriation cases (R.S. 19:13 and Article 2634 of the Civil Code as .amended) does not require the payment of •any excess compensation awarded by the trial court be made prior to or as a condition precedent to the entry of an order •of devolutive appeal. In essence, it is-•contended that, since the Department acquired title to the property in accordance with R.S. 48:441-460 pursuant to authority' granted the Legislature by § 19.1 of Article VI of the State Constitution, there is no requirement of law that a deposit of the excess award should be made upon the taking of a devolutive appeal.
The appellees, on the other hand, maintain that the Department’s rights under Article VI, § 19.1 of the Constitution and R. S. 48:441-460 remain extant only so long as the ex parte appraisal of compensation and damages remain in effect; that whenever, after a contradictory hearing, the trial judge increases the amount of the appraisal and grants judgment for an amount in excess thereof, it becomes the legal obligation of the Department to pay said increased amount and that, if the Department desires to appeal devolutively from such judgment it is legally obligated, under the provisions of R.S. 19:13 and Civil Code Article 2634 as amended, to pay over or deposit the amount of the increased award, in default of which the appeal must be dismissed.
R.S. 19:13 and its counterpart, Article 2634 of the Civil Code, provide that a suspensive appeal is not allowed from a judgment or order of expropriation, and “When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.”
These provisions are clear and unambiguous, and nowhere in the language employed therein are we able to find any indication that the Legislature intended that the expropriating authority, upon taking an appeal, is required to pay the amount awarded into the registry of the court or to *614 the landowner. Conversely, it is manifest that the payment of the award by the expropriating authority is only essential when it wishes to secure title to and possession of the property during the pendency of the devolutive appeal. Of course, in case the expropriator appeals from the judgment, its failure to pay the amount of the award renders the judgment executory. But it takes no more than a casual reading of these provisions to convince us that they were designed primarily to apply to cases involving corporations vested with the power of eminent domain, and not to the State itself or its subdivisions, because judgments against the State are not subject to execution by writ of fieri facias or otherwise. See prohibition contained in § 35 of Article III of the Constitution and the landmark case of Carter v. State, 42 La.Ann. 927, 8 So. 836.[1]
R.S. 48:454, dealing with the trial of condemnation suits brought by the Department of Highways, provides that, except as otherwise provided in that Part, the suits are to be tried in accordance with the provisions of the general expropriation laws. Counsel for the Department concede that, under this provision, the taking of appeals is governed by R.S. 19:13 and Civil Code Article 2634, and that the right of appeal as stated in those statutes is only the right to a devolutive appeal. However, when the State takes an appeal, although denominated as a devolutive appeal, the effect of such appeal is suspensive in nature. This is because execution of any judgment obtained against the State, or any of its departments, cannot be sanctioned. Hence, the argument of appellees in this case seems to be that, since suspensive appeals are prohibited under the general expropriation laws, the State is required to-pay the increased amount of the award of the district court in order to retain title to the property expropriated under the quick-taking statute.
This argument is without substance because R.S. 48:441, 443, 444 and 445 are explicit in their provisions to the effect that, as soon as the court issues an order directing that the amount of the estimate be deposited in the registry of the court and declaring that the property described in the petition has been taken for highway purposes at the time of the deposit, “ * * * title to the property * * * shall vest in the department and the right to just and adequate compensation therefor shall vest in the persons entitled thereto.” (R.S. 48:445). Furthermore, R.S. 48:459 declares: “No appeal in any expropriation suit brought under these provisions shall operate to prevent or delay the vesting of *616 title in the plaintiff.” And R.S. 48:460 provides, in part, that: “The plaintiff shall not he divested hy court order of any title acquired under these provisions except where such court finds that the property was not taken for a public use.”
In the case at bar, the property was taken for construction of a public highway and, hence, the judgment increasing the amount awarded to appellees cannot be regarded as divesting the Department’s title to the property. In truth, it effectually confirmed the title and possession previously acquired and merely decreed that the landowners and lessees be given additional compensation. Accordingly, since title was not divested by the judgment, it would be anomalous to conclude that, when the Department appealed from the judgment, it was prerequisite that it deposit the excess monies awarded to appellees in order to retain its title to the property expropriated, and that its failure to deposit such monies in the registry of the court operates to deprive the Department of its right of appeal.[2]
In concluding that the appeals should be dismissed, the Court of Appeal relied in the main on two other Court of Appeal cases, viz., State, Through the Department of Highways v. Rownd (La.App., Orl.1959), 119 So.2d 282 (cert. denied) ; and State, Through Department of Highways v. Dodge (La.App., 3 Cir., 1964), 166 So.2d 286.
We find these cases inapposite to the case at bar. In those matters, unlike this case, the Department had deposited the amount of the increased awards in the registry of the court, and the appellees moved to dismiss the appeals on the ground that by depositing such monies the Department acquiesced in the judgment, citing Article 2085 of the Code of Civil Procedure. The courts overruled the motions to dismiss, holding that the deposit of the additional awards did not constitute a voluntary acquiescence in the judgments. In arriving at these conclusions, the opinion in the Rownd case sweepingly asserted that the Department of Highways “ * * * not only was within its rights, in appealing but as a matter of fact was bound by law, *618 when appealing from the decision of the • district court, to deposit the additional .amount in the registry of the court * * ”.[3] 'The Court of Appeal in the instant case has seized upon this statement as the rationale for its holding.
We think that the broad observation that the Department “was bound by law” to ■make the deposit was unnecessary to the conclusions reached in the Rownd and Dodge cases and, furthermore, for the reasons herein given, consider that statement to be patently incorrect.
Finally, we note that appellees have filed 'here a plea of unconstitutionality which they alternatively urge in the event we should interpret R.S. 48:441-460 as not requiring the Department of Highways either to pay to them or deposit in the registry •of the trial court the amount of the awards in excess of the initial deposit prior to taking a devolutive appeal, and as a prerequisite for such appeal. In support of this plea they cite numerous cases holding that, under the general expropriation laws, any taking of property without adequate compensation being first paid is violative of ,§ 2 of Article I of the Constitution.
It suffices to say that the contention is fully answered by the decision of this Court in State, Through the Department of Highways v. Macaluso, 235 La. 1019, 106 So.2d 455, holding that the constitutional guarantees contained in § 2 of Article I, requiring payment of adequate compensation before a taking for a public purpose, must yield to the subsequently adopted provisions of § 19.1 of Article VI of the Constitution pertaining to expropriation of property for highway purposes.
For the reasons assigned the judgment of the Court of Appeal, maintaining the motions to dismiss the appeals, is reversed. It is now ordered that these motions be and they are now overruled, and the case is remanded to the Court of Appeal, Second Circuit, for consideration of the appeals on their merits. Costs in this Court are to be borne by appellees.
HAMITER, J., dissents, being of the opinion that the judgment of the Court of Appeal is correct.
SUMMERS, J., dissents.

. The general law is well settled that executions cannot he levied against the State in the absence of special provisions granting such right. See 21 Am.Jur., § 32, § 457; Anno., 45 A.L.R. 1464.

. The Department had an indefeasible right of appeal from the judgments. Dor the right of appeal is conferred upon all litigants by the provisions of §§ 10, 29 and 36 of Article YII of our Constitution, and the Legislature would be powerless to curtail it by statute. Succession of Damico, 161 La. 725, 109 So. 402; State v. Standard Oil Co. of Louisiana, 188 La. 978, 178 So. 601; and Harnischfeger Corp. v. C. W. Greeson Co., 219 La. 546, 53 So.2d 488. Ou the other hand, the Legislature has authority to determine appellate procedure, i. e., the conditions under which appeals will be suspensive or devolutive, fix the time for taking appeals and the like, provided the regulation does not impinge on vested rights.

. The opinion in tlie Dodge case contains a similar statement.