SUMMERS, Justice
(dissenting).
I do not subscribe to the Court’s decision in this case.
Article 2634 of the Civil Code and Section 13 of Title 19 of the Revised Statutes, which are identical, provide:
“No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal from any order, judgment, or decree rendered in such pro *620 ceeding, whether such order, judgment, or decree is on the merits, exceptions, or special pleas and defenses, or any or all of them. The whole of the judgment, however, shall be subject to the decision of the appellate court on review under a devolutive appeal.
“When a devolutive appeal is taken by either party, payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court, entitles the plaintiff to the property described in the judgment in the same manner as would a voluntary conveyance. If any change in the amount awarded is made on such appeal, the plaintiff shall pay the additional assessment or recover the surplus paid.”
In my opinion the foregoing statutory provision makes it quite clear that “No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal * * *.” This means, of course, that only a devolutive appeal is allowed. It is implicit in any reference to a devolutive appeal that the right to satisfaction of the judgment is not suspended during the appeal. The foregoing statute recognizes this fundamental proposition and by its terms provides that the devolutive appeal is conditioned upon the payment of the amount awarded by the court, for it sets forth that “When a devolutive appeal is táken by "either party, payment to the owner of the amount awarded by the trial court, or the deposit thér'eof in the registry of the court, entitles the plaintiff to the property * * ” Hence “payment to the owner of the amount awarded by the trial court, or the deposit thereof in the registry of the court” is a prerequisite and necessary incident to a devolutive appeal.
Unless this view is taken of the statute, its primary objective that “No party to any expropriation proceeding shall be entitled to or granted a suspensive appeal” would, in the case of the Highway Department, amount to a dead letter, for execution of the judgment cannot be obtained against the State by fieri facias, or otherwise. When the Highway Department is involved, then, a suspensive appeal would, in effect, take place in a case in which the Department does not pay the excess while the appeal is pending. For although an excess may have been decreed to be due by the Department, it could not be compelled to pay the amount until the judgment was final on appeal, thus suspending the judgment until the appeal was final.
Under the majority opinion the Department may deposit a nominal amount under the procedure outlined in La.R.S. 48:441 et seq. and thereby effectively withhold from the owner of the property expropriated its just value throughout the time required to try the case, to appeal to the Court of Appeal and to apply to this court for writs, which, if granted, would involve the delays incident to argument, the rendi *622 tion of an opinion, application for rehearing, etc.
A glaring example of the injustice which •occurs under the majority view is before us in the case at bar. Here no deposit whatsoever was made by the State for the lease rights of Mr. Cordell, the State alleging in Article 12 of its petition that the lease had expired “under its own terms on December 31, 1962”. The trial court, after hearing extensive testimony, held that the lease had not expired, for an option to renew the lease had been exercised and the lease was effective for five years longer. The sum of $12,000 was accordingly awarded for the lease rights. These rights were expropriated November 26, 1963 and judgment was rendered October 29, 196S, awarding the Cordells $12,000 for their property rights. The State appealed, its appeal was dismissed and writs were granted by this court. Before this case is finally decided, more than four years will have expired since the property rights of the Cordells were taken by the State and more than two years will have expired since the trial court, after a full hearing, judicially determined these rights to be worth the sum of $12,000.
Such a result is patently contrary to the letter and spirit of Article I, Section 2 of our Constitution, which ordains that “No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this. Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.” (Emphasis added). Any legislation which sanctions such an unconscionable delay in the payment of compensation for property taken would be violative of due process, and contrary to the letter and spirit of the exception to the prepayment requirement of Article I, Section 2, contained in Article VI, Section 19.1 of the Louisiana Constitution.
Deposit of the excess as a mandatory requirement to a devolutive appeal is further indicated by the language of the statute when it provides: “If any change in the amount awarded is made on such appeal,the plaintiff shall pay the additional assessment or recover the surplus paid.” - This quoted language speaks of a change on appeal of the “amount awarded”, which is a reference to the amount awarded by the trial court. It could be nothing else. Then the statute sets forth what will happen if there is a change in the “amount awarded” —“the plaintiff” (Department of Highways) “shall pay the additional assessment” (by the appellate court) or “recover the surplus paid” (paid as a result of the “amount awarded” by the trial court). (Parentheses added). All of which demonstrates that the excess must have been paid prior to the prosecution of the. devolutiveappeal, otherwise an expropriating plain-' tiff could not “recover the surplus paid” as *624 a result of the “amount awarded”. Nor would the statute require the expropriating plaintiff to “pay the additional assessment” unless it was understood that an “assessment” or “amount awarded” had already been paid. It would not be a payment in addition unless some payment had previously been made.
The meaning I see in the statute is consonant with the constitutional requirement that compensation be paid prior to the taking. And this interpretation is more compatible with the constitutional exception to the prepayment requirement of Article I, Section 2, which permits the taking of title by ex parte order upon deposit of the appraised value of the property. See La. Const, art. 6, § 19.1 (1921).
This exception does not prevent the Legislature from imposing a condition precedent to an appeal to review the judicial award of the amount due the property owner. The title vested in the Department is not thereby disturbed. See La.R.S. 48:441 et seq. Only the Department’s right to a review of the amount awarded by the Court is affected. The effect being that unless the excess awarded over the original appraisal is paid, the Department may not have the “amount awarded” reviewed. Nothing in Article VI, Section 19.1 or in La.R.S. 48:441 et seq. is inconsistent with this view. State of Nevada, on relation of its Department of Highways v. Second Judicial District Court, 75 Nev. 200, 337 P.2d 274 (1959); Board of Commissioners v. Blue Ribbon Ice Cream & Milk Corp., 231 Ind. 436, 109 N.E.2d 88 (1952).
The majority, by its decision, defeats the obvious intention of the Legislature in the enactment of Civil Code Article 2634 and La.R.S. 19:13 and tends in a direction which is entirely inconsistent with the letter and spirit of the Constitution.
I respectfully dissent.
HAMITER and SUMMERS, JJ., are of the opinion a rehearing should be granted.