CLAIBORNE, Judge.
Pending a Department of Highways appeal in this case, the landowner demanded that the Department pay him, or deposit in the registry of the Court the excess amount of the judgment award over the amount *1191 initially deposited. Following refusal of his demand, the landowner filed a petition for writ of mandamus ordering such deposit. The district court rejected the demand of a writ of mandamus, and the landowner appealed. We affirm. (As the State of Louisiana through the Department of Highways, herein referred to as “the Department”, is the appellant in the appeal on the merits, and L. Barbee Ponder, Jr., herein called “the landowner”, is the appellee, and their roles as appellant and appellee are reversed in the instant matter, the terms “appellant” and “appellee” are avoided to prevent confusion.)
The Department defends on two grounds, viz.: First, although denominated “devolu-tive”, any appeal by the State from a judgment rendered in expropriation cases under the “Quick-taking Statute”, LSA-R.S. 48:441^460, is suspensive in nature; second, alternatively and because there can be no execution of the judgment pending such appeal, the District Court was divested of jurisdiction. LSA-C.C.P. Article 2088 provides that on the timely filing of an appeal bond or on granting of the order of appeal (as the case may require), the trial court retains jurisdiction over matters reviewable on the appeal only for purposes including to “execute or give effect to the judgment when its execution or effect is not suspended by the appeal”. The District Court did not consider the jurisdictional question because, as posed, it depended on a determination of the first issue (the suspensive or devolutive nature of the appeal) adverse to the landowner, and having so determined the first issue adversely to the landowner, the question of jurisdiction became moot, and it thus became unnecessary for the court to consider whether the demand for a writ of mandamus in execution of the judgment was a matter in the case reviewable under the pending appeal.
In State, Department of Highways v. McTeague, 244 So.2d 263, First Case (La.App. 1st Cir. 1970), we held that the failure of the Department of Highways to deposit in the registry of the court the excess amount of the judgment was not a condition precedent to taking a devolutive appeal under LSA-R.S. 19:13, and thus appellee’s motion to dismiss the appeal was denied.
Landowner relies on State v. Rownd, 119 So.2d 282 (La.App. Orleans, 1959), in which it was held that payment by the Department of Highways of the excess amount of the judgment did not constitute acquiescence because it was bound by law to make such payment. To the same effect was State of Louisiana through the Department of Highways v. Dodge, 166 So.2d 286 (La.App. 3rd Cir. 1964).
The Department relies on State, Department of Highways v. Holmes, 251 La. 607, 205 So.2d 416 (La., 1967). That case held that judgments against the State are not subject to execution by writ of fieri facias or otherwise, under the prohibition of Section 35 of Article III of the Constitution of 1921. (A similar provision appears in Section 10 of Article 12 of the Constitution of 1974.) It was further held that when the State takes an appeal in an expropriation case, although it is denominated a devolu-tive appeal, the effect of such appeal is suspensive, and the appeal cannot be dismissed for failure to pay the excess amount of the judgment. The Court there specifically overruled the Rownd and Dodge cases insofar as they held that the Department was bound by law to make the deposit of the excess award pending appeal.
The landowner seeks to distinguish the Holmes case on the point that the present case is not concerned with the dismissal of the appeal. The distinction is not reasonable. The holding of the Holmes case is unequivocal and indistinguishable. The State having taken a devolutive appeal is relieved of the necessity of paying or depositing the excess amount pending the appeal, and the judgment may not be executed against the State by mandamus or otherwise.
For the foregoing reasons, the judgment dismissing and rejecting the demands for a writ of mandamus is affirmed at defendant’s costs.
AFFIRMED.