456 So.2d 1380 (1984)
FIRST FINANCIAL BANK, FSB
v.
HUNTER FOREST LIMITED PARTNERSHIP, J. Edwin Kyle, Jr., Donald J. Romero, Edgar G. Mouton, Jr. & Hugh L. Cornay.
No. 84-CC-1206.
Supreme Court of Louisiana.
October 15, 1984.
*1381 Charles J. Nunez, Arthur J. O'Keefe, Dutel & Dutel, Lafayette, for plaintiff-relator.
Linda G. Smith, Richard L. Becker, Moss, Becker & Bradley, Lafayette, for defendants-respondents.
DENNIS, Justice.
Plaintiff, First Financial Bank, filed suit against defendant, Hunters Forest Ltd. Partnership, to foreclose by executory process under a special mortgage affecting a tract containing over 115 condominiums, lots, and parcels of land owned by the defendant partnership. A writ of seizure and sale was issued, the property was seized, and a sale was scheduled. Defendant partnership moved for and obtained an order designating that each condominium, lot, and parcel be sold individually rather than in globo. Plaintiff moved the court to rescind its order. After a contradictory hearing the court denied plaintiff's motion and plaintiff sought writs from the court of appeal. The court of appeal denied writs. We granted certiorari, 452 So.2d 699, and now reverse the trial court's order, remand the case for further proceedings, and direct the trial court to order the issuance of a writ of seizure and sale commanding the sheriff to seize and sell the property affected by the mortgage, as prayed for by plaintiff and according to law.
Defendant partnership contends that, because the property seized under the mortgage is divided or divisible, the partnership is entitled, under article 2295 of the Code of Civil Procedure, to designate the order in which the items or portions of property will be sold. Based on the clear wording and scheme of the Code, however, we conclude that article 2295 is not applicable to executory proceedings and that the partnership has no right to prevent a seizure and sale of the whole property subject to plaintiff's mortgage.
Executory proceedings are those which are used to effect the seizure and sale of property, without previous citation and *1382 judgment, to enforce a mortgage or privilege thereon evidenced by an authentic act importing a confession of judgment, and in other cases allowed by law. La.C.C.P. art. 2631. When a person seeking to enforce a mortgage or property in an executory proceeding files a petition therefor, praying for the seizure and sale of the property affected by the mortgage, and submitting the exhibits required by law, La.C.C.P. art. 2634-37, and the plaintiff is entitled thereto, the court shall order the issuance of a writ of seizure to seize and sell the property affected by the mortgage or privilege, as prayed for and according to law. La.C. C.P. art. 2638.
Code of Civil Procedure article 2724 provides that articles 2333 through 2335, and 2337 through 2381, relating to a sale of property under the writ of fieri facias, shall apply to a sale of property under the writ of seizure and sale, and that article 2336 so applies under circumstances not pertinent here. Articles 2333-35 and 2337-81 deal with the formalities and requirements of the sheriff's sale, the price which must be offered to effect adjudication, the sheriff's act of sale, and the adjudication and its effect. Art. 2724, official revision comment.
The express provision by article 2724 that certain articles relating to sales under fieri facias shall be applicable to executory proceedings strongly implies that the other articles on execution of judgments do not govern sales by executory process. This implication is reinforced in the case of articles 2295 and 2296 by the language of the articles and their function of regulating otherwise unfocused seizures and sales. A writ of fieri facias may be issued for the payment of a money judgment directing the seizure and sale of the property of the debtor which may be found in the parish. La.C.C.P. art. 2291. Unlike a writ of seizure and sale under executory process, it may not be issued before judgment and its operation is not restricted to property affected by a mortgage or privilege. For this reason, articles 2295 and 2296 permit a judgment debtor to designate the order in which the items or portions of his property will be sold and to obtain the release of items or portions seized that are not reasonably necessary to satisfy the judgment, with the exception of property on which the judgment creditor has a mortgage or privilege other than that resulting from the seizure. Apparently, the legislature did not see fit to make articles 2295 and 2296 applicable to executory proceedings because the risk of an excessive seizure or unreasonable order of sale therein is limited in that an executory proceeding usually is confined to the enforcement of a specific mortgage or privilege. McMahon, The Historical Development of Executory Procedure in Louisiana, 32 Tul.L.Rev. 555, 569 (1958).
Defendant partnership contends in brief that this case is moot because plaintiff bank acquiesced in the trial court's order by requesting the issuance of separate writs of seizure and sale of a portion of the items of property, although defendant concedes that the sales were cancelled before the trial court's order was carried out. Plaintiff bank contends that it never had any intention of acquiescing in the trial court's order but had intended to effect some individual sales during proceedings in this court in order to mitigate its damages caused by the delay of this litigation. Under the circumstances, the question of whether the mortgagor or the mortgagee has the right to direct the sale is clearly not a moot but a litigable controversy. Plaintiff bank did not voluntarily and unconditionally acquiesce in a judgment rendered against it. Cf. La.C.C.P. art. 2085; Harnischfeger Corp. v. C.W. Greeson Co., 219 La. 546, 53 So.2d 488 (1951); Scott v. Scott, 218 La. 211, 48 So.2d 899 (1950); Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (1941). A decision of the disputed issue will have a practical purpose for the litigants and will be of more than academic significance to them. Robin v. Concerned *1383 Citizens for Better Ed. in St. Bernard, Inc., 384 So.2d 405 (La.1980); State ex rel. Preston v. Henderson, 283 So.2d 230 (La. 1973); 5 Am.Jur.2d, Appeal and Error § 762, p. 204.
REVERSED AND REMANDED.
WATSON, J., dissents and assigns reasons.
LEMMON, J., dissents.
WATSON, Justice, dissenting.
The issue of whether LSA-C.C.P. art. 2295 is applicable to an executory proceeding is moot because of plaintiff's acquiescence in the trial court's judgment. The day after a writ was granted by this court and probably before counsel received notice, plaintiff had the clerk of court for Lafayette Parish issue fifty-four separate writs of seizure and sale for fifty-four condominium units covered by the mortgage. Sales of these units were set for August 29, 1984, and September 5, 1984. Before the sales were cancelled,[1] they had been advertised and appraisers appointed.
Under LSA-C.C.P. art. 2085, one loses the right of appeal by acquiescing in the judgment or order rendered by the trial court. Acquiescence is not presumed, but it may be shown by a voluntary, unconditional and intentional acceptance of the trial court's order. Plaintiff's deliberate action in having fifty-four separate writs of seizure and sale issued and proceeding toward the sale of the fifty-four condominiums in accordance with the trial court's order clearly show acquiescence.
The cases cited by the majority to support non-acquiescence are factually inapposite to the situation in this case. In Harnischfeger Corp. v. C.W. Greeson Co., 219 La. 546, 53 So.2d 488 (1951) the attachment by defendant of the plaintiff's interest in a lawsuit against defendant as a means of acquiring jurisdiction over plaintiff was not acquiescence because the attachment was not an effort to execute upon the judgment. In Sanderson v. Frost, 198 La. 295, 3 So.2d 626 (1941) the plaintiffs' acceptance of part of the purchase price of timber sold from a tract of which they had been recognized as owners of a one-half interest was not acquiescence where plaintiffs appealed the judgment because it did not recognize them as the full owners. In Scott v. Scott, 218 La. 211, 48 So.2d 899 (1950) there was no acquiescence where a husband paid alimony while his appeal was pending because the payment was necessary to avoid a citation for contempt of court. The cases do not support the majority's conclusion that there was no acquiescence.
Since plaintiff has acquiesced in the order, there is no longer any practical relief which can be granted by this court and hence the issue is moot. The writ should be recalled.
Therefore, I respectfully dissent.
NOTES
[1] The court is advised that the sales were cancelled, not because plaintiff changed its mind, but because some flaw was discovered in the title.